State *v*. Lemp.

STATE OF MISSOURI, Respondent, *vs*. ADAM LEMP, Appellant.

1. Under the amendatory act of 1851, every fermented drink is an intoxicating drink, within the meaning of the act to regulate groceries and dram shops, approved March 25th, 1845.
2. No person can sell intoxicating liquor without a license, even though it is of domestic manufacture.

*Appeal from St. Louis Criminal Court.*

*Lackland*, for State.

The court did not err in sustaining the demurrer to the special plea of defendant. There is no provision in the law for the encouragement of home or domestic manufactures of this character, as assumed in the plea. The sale of intoxicating drinks is a matter of police regulation, and it is deemed useless to refer this court to authorities, to prove that the state has the power to license, tax, and suppress the sale of such commodities.

The first instruction given is correct. There is no exception in the law in favor of the manufacturer of intoxicating drinks. There was no error committed in giving the second instruction. The third section of the act to amend " an act to regulate groceries and dram shops, approved March 25th, 1845," (Session acts of 1851, page 216,) provides that " all fermented drinks and wines of every kind, shall be considered intoxicating, under the provisions of this act and the act to which this is amendatory." It is clear that the manner in which the drink is made, *i. e.*, by fermentation, settles the question whether it is intoxicating, without regard to the actual effect of the drink when taken. And so the second instruction declares the law to be.

RYLAND, Judge, delivered the opinion of the court.

The defendant was indicted for selling without license, ale, beer, porter, rum, gin, brandy, whisky and wine in small quantities, one gill and one glass of each, in St. Louis county.

He appeared, and filed his special plea that he sold beer and ale only, and not the other liquors, and that the beer and ale were made by him in the city and county of St. Louis, within the state of Missouri, and not elsewhere. The state demurred to this plea. The Criminal Court sustained the demurrer, and required the defendant to answer over. He then plead not guilty. There was an issue on this plea, and verdict for the state. A motion for new trial was overruled, and an appeal taken to the Supreme Court.

The bill of exceptions shows that the defendant sold beer within the time mentioned in the indictment; that he keeps a beer house in the city of St. Louis; that he sold beer by the glass, and received pay for it, and that beer is a fermented liquor.

A witness stated, that he had been in Lemp's house and bought beer within the time charged; that beer is a fermented liquor; that beer is manufactured in Missouri; that hops, of which it is made, are raised in Missouri, as well as elsewhere; but he did not know where Lemp's beer was manufactured, nor where the hops and barley grew of which it was made.

The court instructed the jury, " that if they believed the defendent Lemp sold beer, as charged in the indictment, at St. Louis county, and within one year next before the finding of the indictment in this case, and that beer is a fermented drink, they will find the defendant guilty, and assess a fine against him of not less than twenty nor more than one hundred dollars, and in such case, it makes no difference whether Lemp manufactured the beer sold or not. If the jury believe that Lemp sold a fermented drink called beer, all such fermented drinks are declared by statute to be intoxicating, and the jury are bound so to regard them, and it makes no difference whether such fermented drinks are in point of fact intoxicating or not."

The court refused to instruct the jury, " that, if they believed from the evidence that the beer proved to have been sold was the growth, produce or manufacture of the state, they

must acquit the defendant. That the growth, produce or manufacture of this state are exempt from taxation, and if the jury find that the article charged in the indictment to have been sold by defendant was such, they ought to acquit.''

1. The third section of the act to amend " an act to regulate groceries and dram shops, approved March 25th, 1845," approved March 1st, 1851, declares, " all fermented drinks and wines of every kind shall be considered intoxicating," under the provisions of this act, and the act to which this is amendatory. The drink mentioned in the evidence in this case is said to be fermented drink—beer is a fermented liquor, and, therefore, by force of the statute, an intoxicating liquor or drink, and the vendor must get a license before he can sell by the gill or glass.

2. The instructions given were proper, and those refused, were properly refused. We shall not spend a line on the point about its being of domestic manufacture.

The other Judges concurring, the judgment of the Criminal Court is affirmed.