### THE STATE OF KANSAS v. P. F. SHACKLE.

1. INTOXICATING LIQUORS; *Sufficient Information.* An information alleging that "at the time and place stated, the defendant did unlawfully sell, barter and give away spirituous, malt, vinous, fermented and other intoxicating liquors, for other than medical, scientific and mechanical purposes, contrary to the statute in such cases made and provided," charges an offense under the provisions of chapter 128, Laws of 1881.

2. ADMISSIONS, *Sustain Finding of Guilty.* Where a defendant, who is charged with selling intoxicating liquors prohibited by the provisions of chapter 128, Laws of 1881, admits upon the trial that at the time and place stated in the information he sold whisky for other than medical, mechanical or scientific purposes, his admissions are sufficient to sustain a finding of guilty.

### Appeal from Cherokee District Court.

INFORMATION charging that *P. F. Shackle* and one *Rodney Willis* did unlawfully sell intoxicating liquors in violation of the provisions of chapter 128 of the Laws of 1881.   The sixth count of the information is as follows:

"The said county attorney further informs the court and avers, that P. F. Shackle and Rodney Willis, then and there, in a certain wooden building situated and being on lot No. 14, in block No. 16, of the original plat of the city of Columbus, in the county of Cherokee, in the state of Kansas, on the 15th day of August, 1881, did unlawfully sell, barter and give away spirituous, malt, vinous, fermented and other intoxicating liquors, for other purposes than medical, scientific and mechanical purposes, contrary to the statute in such

cases made and provided, and against the peace and dignity of the state of Kansas."

The case was dismissed as to *Willis*. A motion to quash the information was overruled by the court, and duly excepted to. *Shackle* entered a plea of not guilty. A jury was waived, and the cause tried by the court at the April Term, 1882, upon the following written admissions of the defendant:

"P. F. Shackle, defendant, admits that on the 15th day of August, 1881, he sold spirituous liquors, to wit, whisky for other than medical, mechanical or scientific purposes; that such sale was made at the county of Cherokee, in the state of Kansas, within a certain wooden building situated on lot No. 14, in block No. 16, of the original plat of the city of Columbus, in said county. It is also admitted that said sale is the sale referred to in the sixth count of the information."

The court found the defendant guilty as charged, adjudged that he pay a fine of $200 and costs, and stand committed to the county jail until the fine and costs were paid; from which judgment he appeals. Further facts appear in the opinion.

*H. G. Webb*, and *Bennett, Lewis & Bennett*, for appellant.

*W. R. Cowley*, county attorney, for The State.

The opinion of the court was delivered by

HORTON, C. J.: The defendant was charged with selling intoxicating liquors, prohibited by the provisions of chap. 128, Laws of 1881, for other than medical, scientific and mechanical purposes. A motion was made to quash the information upon various grounds, among others, that no offense was charged therein. This motion was overruled, and duly excepted to. Upon calling the case for trial, a jury was waived, and a hearing had upon the following: "Defendant admits that on the 15th day of August, 1881, he sold spirituous liquors, to wit, whisky, for other than medical, mechanical or scientific purposes; that such sale was made at the county of Cherokee, in the state of Kansas, within a certain wooden building situated on lot No. 14, block No. 16, of the original

plat of the city of Columbus, in said county.   It is also ad-
mitted that said sale is the sale referred to in the sixth count
of the information." The court thereupon found the defend-
ant guilty as charged in the information, and adjudged that
he pay a fine of $200, together with all costs, and stand com-
mitted to the county jail until the fine and costs were paid.
The defendant appeals, and alleges the conviction and judg-
ment are wrong.

It is contended that the defendant is not charged with, or
shown to have been guilty of, a violation of any penal pro-
vision of the statute.   In support, counsel for defendant sug-
gest that if the defendant was a druggist upon the 15th day
of August, 1881, having in his possession a permit to sell
intoxicating liquors, and if the person to whom the defendant
upon that day sold whisky was a druggist, armed with a per-
mit, and if the sale was of at least one gallon in quantity,
no statute was violated.   This upon the theory that the con-
cluding clause of § 4, ch. 128, Laws of 1881, authorizes any
druggist having a permit to sell intoxicating liquors in quan-
tities not less than one gallon to any other druggist having a
like permit, for other than medical, scientific or mechanical
purposes.

The argument is plausible, but not sound.   Sec. 1 of said
ch. 128 reads: "Any person or persons who shall manufac-
ture, sell or barter any malt, vinous or other intoxicating
liquors, shall be guilty of a misdemeanor, and punished as
hereinafter provided: *Provided, however,* That such liquors
may be sold for medical, scientific and mechanical purposes, as
provided in this act." Sec. 7 of the same act provides a penalty
for any person who sells spirituous, malt, vinous, fermented or
other intoxicating liquors without taking out and having a
permit to sell the same.   Section 9 further provides penal-
ties for all persons who, notwithstanding they have a permit
to sell intoxicating liquors, sell or barter such liquors in any
other manner, or for any other purpose, than in the statute
provided, or who shall violate any of the provisions of the
statute.   All of the sections of the statute must be read

and construed together, and therefore if the defendant sold the spirituous liquors as admitted by him, without having a permit therefor, he was liable to the penalty specified in § 7. If, having a permit as a druggist or otherwise, he sold intoxicating liquors at the time and place mentioned, for other than medical, scientific or mechanical purposes, he was liable to the penalty mentioned in § 9. The purpose of the statute is, to prohibit the manufacture or sale of intoxicating liquors for use as a beverage; and as it was alleged in the information that the sale was for other than medical, scientific and mechanical purposes, the information charged an offense within the statute, and as the defendant admitted that he sold intoxicating liquors at the time and place alleged in the information, for other than medical, scientific and mechanical purposes, judgment was properly pronounced against him.

The judgment of the district court will be affirmed.

All the Justices concurring.