The State v. Teissedre.

THE STATE OF KANSAS v. CAMILLE TEISSEDRE.

1. APPEAL *to Supreme Court; Numerous Notices.*    An appeal in a criminal case from the district court to the supreme court is not completed and perfected until a transcript of the case is filed in the supreme court. (*In re Chambers,* ante, p. 450.)    And hence, where a defendant desires to appeal in such a case from the district court to the supreme court, he may continue to give notices of the appeal until he has finally completed and perfected his appeal by giving proper notices, and by filing a transcript of the case in the supreme court within thirty days after the giving of the last notices of appeal, provided the appeal is taken within two years after the judgment is rendered.

2. ————— Section 13 of the prohibitory liquor law is not unconstitutional, or void.

3. NUISANCE; *Information, Sustained; Permit.*    In a criminal prosecution, under section 13 of the prohibitory liquor law, where the defendant is charged with keeping and maintaining a common nuisance, the information is not fatally defective "because it does not charge that the defendant had no permit or license to sell" intoxicating liquors.    The defendant may be guilty of such offense, and still have a permit or license to sell intoxicating liquors.

4. NUISANCE; *Competent Evidence; Permit.*    Where a defendant is charged, under section 13 of the prohibitory liquor law, with keeping and maintaining a common nuisance, evidence tending to show that the defendant sold intoxicating liquors, without having any permit to sell the same, tends to prove the offense charged, and is competent.

5. INFORMATION; *Indorsement of Names of Additional Witnesses.* It is not error, in a criminal prosecution, for the district court to permit the county attorney to indorse the names of additional witnesses upon the information, and then to allow such witnesses to testify in the case, the court exercising a sound judicial discretion in permitting the same to be done.

6. ———— *No Error.* It is not error, where the court exercises a sound judicial discretion, to permit a criminal case to be opened during the closing argument of the counsel for the defense, and to permit the state to prove in what county and state the alleged offense was committed.

7. BEER, *Presumed to be Intoxicating.* It is not error for the trial court to instruct the jury "that beer is presumed to be intoxicating until the contrary is proved." In the absence of evidence to the contrary, beer will always be presumed to be an intoxicating liquor.

8. INSTRUCTIONS, *Not Brought to Supreme Court.* Where the instructions given by the trial court to the jury are not brought to the supreme court, the supreme court cannot tell whether the trial court erred, or not, in refusing to give certain instructions.

## Appeal from Cloud District Court.

PROSECUTION under § 13 of ch. 128, Laws of 1881. October 25, 1881, the defendant *Teissedre* was found guilty and adjudged to pay a fine of $150 and costs, and ordered to be committed to the county jail until the fine and costs were paid. It was further ordered that the sheriff of Cloud county be directed to shut up and abate the nuisance complained of. The defendant appeals. The opinion states the facts.

*F. W. Sturges,* and *J. G. Lowe,* for appellant.

*W. A. Johnston,* attorney general, and *Edwin A. Austin,* for The State:

No brief has been filed by the defendant, on the merits in this case; but one was filed by him when the case was here before, (*ante,* p. 211,) the points made in which we will proceed to consider.

The first three points are based on the fact that the information does not charge that the defendant had no permit or license to sell intoxicating liquors. The information filed is sufficient. (*The State v. Shackle,* 29 Kas. 341; *The State v.*

*Hunt,* 29 id. 762; *Smith v. The State,* 1 id. 365; *The State v. White,* 14 id. 538.) In §13 of the prohibition act, all places where intoxicating liquors are manufactured, sold, bartered, or given away, in violation of any of the provisions of the act, or where they are kept for sale, barter, or use, in violation of the act, are declared common nuisances, and the owner or keeper thereof shall upon conviction be adjudged guilty of maintaining a common nuisance. Under this section, the keeper of a place where liquor is sold without a license or with a license, if in violation of any of the provisions of the act, may be prosecuted for maintaining a common nuisance. Under the information filed, any selling of intoxicating liquor in violation of the prohibitory law might have been proved. An illegal selling as provided against in §9, might have been proved. The county attorney proved such a selling in violation of the act as is provided against in §7. The information is sufficient, and the evidence of the probate judge as to want of a license was competent to show that the sales proven were in violation of law.

The fourth point is without force. The record does not show when the knowledge of these witnesses came to the county attorney. The court ordered the names to be indorsed, and this court will not presume, without a showing in the record, that the lower court erred in allowing witnesses to testify who were otherwise competent. Furthermore, the power of the district court in such a case is a discretionary power, and there is nothing in the record to show that there was any abuse of such discretion in this case. (*The State v. Cook,* ante, p. 82.)

The appellant complains of the first instruction given by the court, that beer is a fermented liquor, made from malted grain, and is presumed to be intoxicating until such presumption is overcome by competent evidence. It is a matter of common knowledge that what is commonly called "beer" is a fermented liquor, and that it is intoxicating. (See Webster's Dict'y, *Beer,* defined; 14 Ohio, 586; 3 Park. Cr. Rep. 9; 16 Mo. 389; 3 Denio, 43.) The case of *Briffitt v. The State,*

reported in full in 16 N. W. Rep. 39, reviews the authorities on both sides of this question, and affirms the doctrine of the foregoing cases.

The Central Law Journal, (August 10, 1883,) page 101, commenting on this case, says:

"*Briffitt v. The State* is a very sensible decision of the supreme court of Wisconsin, delivered upon the time-honored question whether, under an information for selling liquor without a license, it is incumbent upon the prosecution to show that beer is a 'malt or intoxicating liquor.' The court below held it was not, saying in ruling upon a question of evidence, 'I suppose everybody knows what is meant by beer;' and when the question was asked whether malt is used in ordinary beer? the court said: 'I do not think it is necessary. I think a man must be a driveling idiot who does not know what beer is. I do not think it is necessary to prove what it is.' This ruling the court above affirmed, saying: 'Where the general or primary meaning of a word is once established by such common usage and general acceptation, we do not require evidence of its meaning by the testimony of witnesses, but look for its definition in the dictionary. Whisky, according to Webster, is a spirit distilled from grain; and beer, according to the same authority, is a fermented liquor made from any malted grain with hops and other bitter flavoring matter. It is true, to a limited extent, there are other kinds of beer, or of liquor called beer, such as small beer, spruce beer, ginger beer, etc., but such definitions are placed as remote and special, and not primary or general. . . . When, therefore, the word beer is used in court by a witness, the court will take judicial notice that it means a malt and intoxicating liquor, or such meaning will be a presumption of fact, and in the meaning of the word itself, there will be *prima facie* proof that it is malt or intoxicating liquor that is meant.'"

(See also *The State v. Volmer*, 6 Kas. 378.)

The last point seriously urged is the failure to prove a want of manufacturers' permit or license. This is not a prosecution for selling without a license, but for keeping a place where liquor is sold in violation of this act. The sales were proven to be to individuals, and in less quantities than five gallons, and not in original packages. The liquor was

sold to be drank as a beverage. The sales were therefore such as neither a druggist nor a manufacturer could make, though they had a license to sell, and were therefore in violation of the prohibitory law.

Appellant also objects to the refusal of certain instructions and to the giving of some others; to which we can simply say that the instructions given are not in the record nor in the bill of exceptions, and therefore this court cannot say whether the district court erred or not in giving the one, or in refusing the others. If the instructions refused are proper, it is presumed that the court had already instructed the jury to the same effect, for it is presumed that those given, and not in the record, contain a correct and succinct statement of all the law of the case. All presumptions are in favor of the rulings of the district court, and errors must clearly appear on the record before this court will reverse such rulings.

The opinion of the court was delivered by

VALENTINE, J.: This was a criminal prosecution, brought by the state of Kansas against Camille Teissedre, under § 13 of the prohibitory liquor law, charging the defendant with keeping and maintaining a common nuisance. The information reads as follows, (omitting the caption and verification:)

"In the name and by the authority of the state of Kansas, I, Theodore Laing, county attorney in and for the county of Cloud, in said state, who prosecute for and in behalf of said state, in all courts sitting in and for said county of Cloud, and duly empowered to inform of offenses committed within said county, come now here and give the court to understand and be informed, that Camille Teissedre, on, to wit, the first day of June, A. D. 1881, and on divers other days and times between that date and the day of the filing of this information in said county of Cloud, did keep the place known and described as the west room of Bartlett & Crump's brick block, situated on lot one of block five in the city of Clyde, in said Cloud county; and in said place the said Camille Teissedre, as well as divers other persons, with the knowledge and consent of the said Camille Teissedre, then and on said other days and times unlawfully did sell, barter,

give away, and keep for sale, barter and use, intoxicating liquors, in violation of the act of the legislature of the state of Kansas, approved February 19, 1881, entitled 'An act to prohibit the manufacture and sale of intoxicating. liquors, except for medical, scientific and mechanical purposes, and to regulate the manufacture and sale thereof for such excepted purposes,' to the common nuisance of the people of said state of Kansas, contrary to the form of the statute in such case made and provided, and against the peace and dignity of the state of Kansas."

The case was tried before the court and a jury on October 25, 1881, and the defendant was found guilty and adjudged to pay a fine of $150, and costs of suit, and was ordered to stand committed to the county jail until such fine and costs were paid; and it was further ordered that the sheriff of the county be directed to shut up and abate the nuisance. On October 26, 1881, the defendant served proper notices for the purpose of taking an appeal to the supreme court. No further attention was given to the case until July 31, 1882, when the defendant filed a transcript of the case in the supreme court. The defendant also claims that other notices of appeal were properly served on August 10, 1882; but no sufficient evidence of the service of these last-mentioned notices has ever been presented to the supreme court. Afterward, and on July 5, 1883, the defendant's appeal was dismissed from the supreme court, on the ground that the transcript was not filed within thirty days after the first notices of appeal were given, and that there was no sufficient evidence that the second notices were ever given. (*The State v. Teissedre,* ante, p. 210.) Afterward, and on July 17, 1883, the defendant again served proper notices of appeal, and on July 24, 1883, the transcript of the case was again filed in the supreme court. The attorney general now moves to dismiss the defendant's last appeal, upon the grounds that the service of the notices of appeal on October 26, 1881, constituted a complete and perfect appeal; that the defendant can have but one appeal; that his first and only legal appeal has been dismissed by the supreme court; and that the district

31—30 KAS.

court has been directed by the supreme court to carry the original judgment into execution. The argument of the attorney general upon this motion is able and plausible;* but still we do not think that his motion should be sustained. On the contrary, we think it should be overruled; and it will be overruled, upon the gronnds stated in the case of *In re Chambers*, ante, p. 450. We think that any defendant, who has been convicted of a public offense in the district court, may continue to take appeals to the supreme court until he has finally completed and perfected his appeal and got the case into the supreme court in such a manner as to authorize the supreme court to hear and determine the case upon its merits. And we think that no appeal is completed or perfected, and that the supreme court is not authorized to hear and determine the case upon its merits, against the objections of counsel representing the state, until a transcript of the case is filed in the supreme court, and filed within thirty days after proper notices of appeal have been given, and within two years after the judgment in the case has been rendered. We shall now proceed to consider the case upon its merits.

The defendant's counsel set forth eight different grounds upon which they claim that the judgment of the court below should be reversed, none of which grounds we think are tenable, and all must be overruled.†

Here this opinion might properly close, as counsel for the defendant have not seen proper to refer us specifically to the particular pages of the record which they desire us to examine on each of the points made. We shall, however, briefly discuss the principal points made by counsel.

I. We think that said § 13 of the prohibitory liquor law is constitutional, so far as it has application to this case.

II. We do not think that the information upon which the defendant was prosecuted is fatally defective in not setting forth facts sufficient to constitute a public offense, simply "because it does not charge that the defendant had no per-

---

*SEE *The State v. Teissedre*, ante, p. 213.

† SEE *The State v. Teissedre*, ante, p. 211.

mit or license to 'sell" intoxicating liquors. There is no·
necessity for any such allegation, for the offense of keeping·
and maintaining a common nuisance under § 13 of the pro-
hibitory liquor law may be committed as well where the·
party has a license or permit to sell intoxicating liquors as·
where he has no such license or permit. If a party sells in-·
toxicating liquors for any purpose, except medical, scientific;,
or mechanical purposes, he may commit the offense of keep-·
ing and maintaining a common nuisance under § 13 of the·
prohibitory liquor law, as well with a license or permit as
without the same ; and the evidence clearly showed that the
defendant did sell intoxicating liquors for other purposes.
than the excepted purposes. Said § 13 says nothing about a·
license or permit, but simply says that all places where intox-
icating liquors are manufactured or sold in violation of the·
provisions of the prohibitory liquor law are common nui-·
sances, and that any party keeping and maintaining the same is·
guilty of keeping and maintaining a common nuisance. Also,
with reference to the sufficiency of informations, see *The State
v. Shackle*, 29 Kas. 341, and *The State v. Hunt*, 29 id. 762.
In cases of this kind, where the information does not state
specifically the acts of the defendant in keeping and main-
taining a common nuisance, but states such facts only in
general language, it would be very proper for ·the district
court, exercising a sound judicial discretion, to order that
the county attorney file a bill of particulars setting forth the
specific acts which the county attorney claims constitute the
keeping and maintaining such common nuisance. In that
way the defendant can be well informed as to what specific
acts he will be called upon to defend against.

III. The court below did not err in permitting the state
to show that the defendant did not have any druggists' per-
mit or license to sell intoxicating liquors; for if he sold in-
toxicating liquors without having any such permit, then the
evidence clearly tended to prove that he was guilty of the
offenses charged in the information.

IV. It was no error for the court below to permit the

county attorney to indorse the names of additional witnesses on the information, and then to allow them to testify in the case. (*The State v. Cook*, ante, p. 82.) This the court has power to do, exercising a sound judicial discretion.

V. It was no error for the court, exercising a sound judicial discretion, to permit the case to be opened during the closing argument of the counsel for the defense, and then to permit the state to prove in what county and state the alleged offense was committed. (Cr. Code, § 227; 1 Bishop on Cr. Proc., § 966, and cases there cited.)

VI. It was no error for the court below to instruct the jury "that beer is presumed to be intoxicating, until the contrary is proved." In the absence of evidence to the contrary, beer will always be presumed to be an intoxicating liquor. (*The State v. Volmer*, 6 Kas. 371; *Briffitt v. The State of Wisconsin*, decided by the supreme court of Wisconsin, May 31, 1883, 16 N. W. Rep. 39; same case, 58 Wis., and cases there cited; *The State v. Lemp*, 16 Mo. 389; *Markle v. Town of Akron*, 14 Ohio, 586.)

VII. We cannot tell whether the court erred or not, in refusing to give certain instructions to the jury, for the reason that the instructions given have not been brought to this court.

VIII. We do not think the court erred in overruling the motions of the defendant for a new trial, and in arrest of judgment; for, as we think, the information, the evidence, and the verdict of the jury were sufficient to sustain the judgment; and no sufficient error was committed by the court at any stage of the proceedings giving the defendant a right to a new trial.

The judgment of the court below will be affirmed.

All the Justices concurring.