The State v. Schaefer.

# The State of Kansas v. Nick Schaefer.

1. CASE, *Followed.* *In re Eddy, Petitioner,* 40 Kas. 592, followed.

2. INTOXICATING LIQUOR—*"Hard Cider," So Called—Evidence.* Where a person is charged with unlawfully selling intoxicating liquor contrary to the statute, and upon the trial the testimony tends to prove that the defendant sold hard cider which intoxicated the persons drinking it, an analysis of the cider which was seized upon the premises of the defendant at the time of his arrest is competent testimony. All the circumstances connected with the analysis of the cider, the time it was made, the distance the cider was carried from the premises to be analyzed, etc., of course should go to the jury for their consideration in determining the value or weight to be given to such testimony.

3. HARD CIDER—*Prohibition—Burden of Proof.*  Hard cider is fermented or an excessively fermented liquor, and therefore, being fermented liquor, is within the prohibition of the statute when sold, without a permit, as a beverage.  If the defendant denies that the hard cider or fermented liquor sold by him is intoxicating, it devolves upon him to remove the presumption of the law by evidence.

*Appeal from Shawnee District Court.*

PROSECUTION for a violation of the prohibitory liquor law. From a conviction, at the April term, 1889, the defendant *Schaefer* appeals.  The facts sufficiently appear in the opinion.

*Frank Herald,* for appellant.

*L. B. Kellogg,* attorney general, and *R. B. Welch,* county attorney, for The State.

The opinion of the court was delivered by

HORTON, C. J.: Nick Schaefer and Matthew Schaefer were tried in the district court of Shawnee county, on an information of six counts, each charging them with an unlawful sale of intoxicating liquors.  Matthew Schaefer was acquitted by the jury; but Nick Schaefer was found guilty upon the first, second and third counts of the information.  The court sentenced him to pay a fine of $300, and to be committed to the jail of Shawnee county for ninety days.  The court further ordered that he be imprisoned in the county jail until the fine and costs were all paid.  He appeals.

It is contended that the district court had no jurisdiction, as the offense, if any, was cognizable before a justice of the peace only; therefore that the plea of abatement filed by the defendant should have been sustained.  It has already been decided by this court that § 2, chapter 178, Laws of 1887, does not oust the district courts of jurisdiction.  (*The State v. Brooks,* 33 Kas. 708; *In re Eddy, Petitioner,* 40 id. 592.)  It appears from the testimony that Nick Schaefer keeps a restaurant at 414 Kansas avenue south, in the city of Topeka.  On the part of the prosecution, Calvin Smith, John Mayfield, Wm. Covert and Elmer Emmens testified that they had pur-

chased, in April, 1889, hard cider at the restaurant of Schaefer when he was present, and that the cider was intoxicating — that it intoxicated them. After Schaefer was arrested, the cider on his premises was seized, and analyzed by Prof. Lovewell, of Washburn College. He reported 13.14 per cent. of alcohol by weight in the cider. On the part of the defendant, John E. Stone, J. E. Kitsman, John O'Connor and several others testified that they had drank cider frequently at Schaefer's restaurant in April and May, 1889, and that the cider was not intoxicating.

It is also contended that the court committed error in permitting the state to show by the evidence of Prof. Lovewell the amount of alcohol found in the cider seized upon the premises of the defendant. In support of this contention it is claimed that the cider was taken off the ice in hot weather, moved, agitated, and carried to Prof. Lovewell, at Washburn College, some distance from the premises of the defendant. We think the evidence was admissible for what it was worth. All of the facts surrounding the analysis went to the jury, and they could judge as to its value. The cider was seized at the time of the arrest of the defendant, and on the same day taken to Prof. Lovewell. The testimony tended in some degree to show that the cider the defendant kept and sold was not sweet or fresh cider, but fermented cider.

It is further contended that the trial court erred in instructing the jury that they might find the defendant guilty although he was ignorant that the cider he sold was intoxicating. If the cider was sweet or fresh cider, such an instruction would have been erroneous and prejudicial. (*Intoxicating-Liquor. Cases,* 25 Kas. 751; *The State v. Brown,* 38 id. 390.) But the instruction complained of referred to hard cider only — not to sweet or fresh cider. It was in effect that if the defendant sold hard cider he was bound to know it was intoxicating. This court has ruled that beer is presumed to be intoxicating until the contrary is proved. (*The State v. Teissedre,* 30 Kas. 476.) Beer is both a fermented and malt liquor, and generally contains from 3.40 to 4.94 per cent. of alcohol. Cider is defined by

Worcester as "a fermented liquor made from the juice of apples." Watts, in his Dictionary of Chemistry, says that—

"Cider is a fermented liquor prepared from apples; that the fermentation is the most delicate part of the process; slight fermentation leaves the liquor thick and unpalatable; rapid fermentation impairs its strength and durability; and excessive fermentation makes it sour, harsh, and thin; that cider contains in 100 volumes 9.87 of alcohol of 92 per cent.; the weakest, 5.21."

Johnson's Cyclopædia in referring to cider says:

"It is the fermented juice of apples, extensively prepared in parts of England, in Ireland, in the northern districts of France, and in North America. In Normandy vast quantities of apples are grown for the preparation of cider. The apples are first reduced to pulp in a mill, and the pulp is afterward subjected to pressure. The apple-juice is placed in casks in a cool place, when fermentation begins; part of the sugar is converted into alcohol, and a clear liquid is obtained, which can easily be racked off from sedimentary matter. Cider is largely used as a beverage. It contains from $5\frac{1}{4}$ to 10 per cent. of alcohol, and is intoxicating when drunk in large quantities. Cider quickly turns sour, becoming hard cider, owing to the development of acid, and great difficulty is experienced in the attempt to keep it sweet."

Paragraph 2521, General Statutes of 1889, reads:

"Any person or persons who shall manufacture, sell or barter any spirituous, malt, vinous, fermented or other intoxicating liquors shall be guilty of a misdemeanor, and punished as hereinafter provided: *provided*, however, that such liquors may be sold for medical, scientific and mechanical purposes, as provided in this act."

And ¶ 2530, General Statutes of 1889, provides that—

"All liquors mentioned in § 1 of this act, and all other liquors or mixtures thereof, by whatever name called, that will produce intoxication, shall be considered and held to be intoxicating liquors within the meaning of this act."

Where the general meaning of a word is once established by common usage and general acceptation, we look for its definition in the dictionaries, and do not require evidence of

its meaning by the testimony of witnesses. (*Briffitt v. The State*, 16 N. W. Rep. 39; *The State v. Teissedre*, supra.) Therefore all the courts will take judicial notice that when the phrase "hard cider" is used in court by a witness, it means "fermented cider," or "liquor," and is within the prohibition of the statute. If the witnesses for the state had testified that they drank cider, not hard cider, then, under the definitions of Webster and some of the other lexicographers, we would not presume that the cider was fermented and intoxicating. Hard cider is cider excessively fermented; and therefore, presumptively, hard cider is not only a fermented liquor, but intoxicating. Whatever is generally and popularly known as intoxicating liquor may be so declared as a matter of law by the courts. Under the statute, all fermented liquor is presumed to be intoxicating; and if a defendant denies that the fermented liquor sold by him is intoxicating, it devolves upon him to remove the presumption of law by evidence. (*The State v. Volmer*, 6 Kas. 371; *Intoxicating-Liquor Cases*, 25 id. 751.)

The judgment of the district court must be affirmed.

All the Justices concurring.