The State v. Engborg.

THE STATE OF KANSAS v. C. W. ENGBORG.

| 63 | 853 |
|----|-----|
| 65 | 700 |

No. 12,268.   (66 Pac. 1007.)

1. INTOXICATING LIQUORS—*Nuisance.*  A druggist or pharmacist, with or without a, permit, who maintains a nuisance in violation of law, is subject to the penalties of the law.

2. —— *Amendment of Information.*  Amendment of information examined, and *held*, that it did not render a new warrant necessary nor afford ground to quash.

3. —— *Judgment.*  It cannot be said that a judgment in a prosecution for maintaining a nuisance is not sufficiently severe because it does not direct the officers to shut up and abate the place.  Such provision is no part of the penalty for maintaining a common nuisance.

Appeal from McPherson district court; M. P. SIMPSON, judge.   Opinion filed December 7, 1901.   Division one.   Affirmed.

*A. A. Godard*, attorney-general, *F. O. Johnson*, county attorney, for The State.

*J. G. Waters, Wm. O'Connor*, and *C. M. Bruce*, for appellant.

*Per Curiam :*  C. W. Engborg was convicted of maintaining a nuisance, contrary to the provisions of the prohibitory liquor law, and was sentenced to pay a fine of $200 and to be imprisoned for thirty days ; he was also required to give bond of $500 for good behavior, and his druggist's permit was adjudged to be forfeited.

The contention that a druggist having a permit cannot be convicted of keeping a nuisance is not sound. A druggist or pharmacist, with or without a permit, who keeps a nuisance in violation of law, is subject to its penalties.   (*The State v. Teissedre*, 30 Kan. 476, 2 Pac. 650 ; *The State v. Davis*, 44 id. 60, 24 Pac. 73.)

No error was committed in refusing to quash the amended information because it was not positively verified. The original information was so verified, and the defendant's arrest was therefore legal. Afterward he gave bond, and he appeared thereafter in pursuance of its provisions and not because of the warrant. The word "unlawfully" was added to the information, but such amendment did not render a new warrant necessary nor afford ground to quash.

The point that the judgment rendered was not sufficiently severe to meet the requirements of the law cannot be maintained. The objection is that the court did not direct the officers to shut up and abate the place which had been kept by the defendant. This is no part of the penalty for maintaining a common nuisance. (Gen. Stat. 1901, § 2463.)

There was sufficient testimony to sustain the conviction, and enough to show the venue or place where the nuisance was kept. We find nothing substantial in the objection to the instructions or to any of the rulings. The judgment is affirmed.

DOSTER, C.J., JOHNSTON, SMITH, ELLIS, JJ.