## THE STATE OF KANSAS v. FRANK LEE.

No. 13,094.  ( 70 Pac. 595.)

·SYLLABUS BY THE COURT.

INTOXICATING LIQUORS—*Punishment without Abatement of Nuisance.* In a criminal action brought within the period of the statute of limitations for keeping and maintaining a nuisance under section 2463, General Statutes of 1901, the defendant may be punished personally by fine and imprisonment irrespective of the abatement of the place; and it is not necessary to charge the nuisance to be in existence at the time the information is filed.

Appeal from Sheridan district court; CHARLES W. SMITH, judge. Opinion filed November 8, 1902. Affirmed.

*A. A. Godard,* attorney-general, *R. W. Trimble,* county attorney, and *Chambers & Chambers,* for The State.

*Harwi & Schultheis* and *J. T. Patterson,* for appellant.

The opinion of the court was delivered by

BURCH, J.: The appellant, Frank Lee, was convicted in the district court of Sheridan county of violation of the prohibitory liquor law. Sentences of fine and imprisonment were imposed, and he was required to enter into a recognizance for his future good behavior in respect of that law.

The seventh count of the information, which was filed October 28, 1901, alleged that on "the 1st day of November, A. D. 1899, and on divers other days and times between that date and the 1st day of July, A. D. 1901," he maintained a nuisance, under section 2463, General Statutes of 1901. The specific objection is made that the nuisance was not charged to have been in existence at the time the information was filed, and that for this reason it failed to state a public offense.

It was not essential that the information should contain the facts suggested. The maintenance of a nuisance may be continuous, or may be intermittent, and may persist through separate intervals of time of unequal length. It is the purpose of the legislature, however, that places obnoxious to the prohibitory law shall not exist at all, and to that end several penalties have been provided. One involves an abatement and destruction of offending premises and things, and another involves offending persons only. If the place itself be no longer subject to condemnation, a judgment of abatement is unnecessary, but punishment still remains to the guilty owner or keeper. He

cannot, by simple discontinuance at some instant prior to the commencement of an action against him, exculpate himself, and he may be charged as such owner or keeper for any length of time, be it long or short, within the period of the statute of limitations.

The remedy of abatement is not inseparably involved with the personal penalty for maintaining. (*The State v. Engborg*, 63 Kan. 853, 66 Pac. 1007.) If the place itself be not proceeded against, it is not material that it should continue to be a nuisance until an information be filed. This view is supported by the opinion in the case of *The State v. Reno*, 41 Kan. 674, 683, 21 Pac. 803.

The appellant asserts in his brief that the record fails to show a compliance with the statute requiring the court to inform the defendant of the verdict of the jury. This contention is not made in the assignment of errors attached to, and filed with, the transcript, and hence will be deemed to be waived, under rule 11 of this court.

All rulings specified in the assignments have been considered, and no error appearing, the judgment of the district court is affirmed.

All the Justices concurring.