WILLIAMS & FINNIGAN V. GEO. W. ELLIOTT.

17  523
66  141

1. MUTUAL ACCOUNTS; *Case Triable before Referee.* Where E. has an account of $3,650.90 against W. & F., merchants, for merchandise returned of $1.35, note taken up of $484.55, and the balance for drafts deposited with them at different dates, between July 9th 1871 and February 9th 1872, in sums ranging from fifteen dollars to five hundred dollars, and which drafts were not paid or received by W. & F. in payment of their accounts, and said W. & F. have a running account against E. from July 18th 1871 to August 4th 1872, for goods sold and moneys paid, exceeding $3,500, and consisting of over one hundred and fifty items, *held,* that "mutual accounts" exist between E. and the firm of W. & F.; and also, *held,* that upon a petition for a settlement of mutual accounts between E. and W. & F., the court, upon the application of E., and the showing of the above facts, committed no error in directing a reference of the case, and in requiring an examination of the mutual accounts between the plaintiffs and defendants, against the objections of the defendants.

2. ERRONEOUS FINDINGS; *Error Without Prejudice.* Where a referee is appointed to make an examination of mutual accounts, and to report the facts found, and the conclusions of law, and thereafter the report is made and confirmed, a conclusion of law therein, which the findings of fact plainly show could not have prejudiced the defendant, is not cause for reversal, even though it be erroneous.

*Error from Marshall District Court.*

ACTION by *Elliott* to recover an alleged balance of $111.65 due him on account from *Williams & Finnigan.* The principal facts and proceedings are stated in the opinion, *infra.* The district court, at the August Term 1875, C. A. S., judge *pro tem.,* presiding, confirmed the report of S. C., referee, and gave judgment in favor of *Elliott* for $116.80, and costs. The defendants bring the case here on error.

*A. J. Banta,* for plaintiffs in error.

The opinion of the court was delivered by

HORTON, C. J.: Elliott filed his petition, in the usual form, for settlement of mutual accounts with the firm of Williams & Finnigan. An answer, containing only a

general denial, was filed. Upon the hearing of the case, as to whether an accounting should be had, evidence was introduced, and the court ordered a reference in pursuance of § 292 of civil code, (Gen. Stat., 685,) against the objections of Williams & Finnigan. The legality of this order, under the circumstances, is the chief question in the case which is presented to this court. Williams & Finnigan were merchants, and their account against Elliott was made up of over one hundred and fifty items for goods sold and moneys paid on his account.

1. Mutual accounts, entitling a party to a reference.

W. & F. received from Elliott in drafts, a note, and an item of goods returned, $3,650.90. Their alleged claim was $3,689.35. The counsel for the plaintiffs in error claim that, as W. & F. received from Elliott the said sum of $3,650.90 principally in drafts, ranging in sums from $15 to $500, there were no mutual accounts existing between the parties for examination. We think differently. Neither the drafts, nor the proceeds thereof, were ever treated or intended as payment of the accounts of W. & F. They were deposited with W. & F. at various dates, without regard to the accounts of the said firm. They were entered upon the books of W. & F., and drawn against by Elliott when he wished. Some of the drafts were deposited before any account accrued against Elliott. If W. & F. had brought their action for the entire amount of their account against Elliott, the latter might, under a proper answer, have set-off those several drafts, not as a payment, in the technical sense of the word, but as a claim and demand arising upon contract. The dealings exhibited between the parties run from July 10th 1871, to August 15th 1872. Under our view, there were "mutual accounts" existing between the plaintiff and defendants. The demands were reciprocal, and there seems to have been an understanding between the parties that the mutual debts should be set-off or satisfied *pro tanto*.

Counsel for plaintiffs in error further object to the reference, because it appeared in evidence that plaintiff and defend-

ants did settle all their transactions except the amount of difference between $1,494.35 contained in one settlement of W. & F.'s account, and $1,590.90 set forth in another statement rendered, and that there was never any disagreement about the amount of money or drafts received by W. & F. from Elliott. The plaintiffs in error are in no condition to take advantage of this objection. At the common law, there were two distinct courses of proceeding in actions of account on the part of a defendant. In the first place, the party might interpose any matter in abatement, or bar, of the proceeding, and if he failed in it, then there was an interlocutory judgment that he should account (*quod computit*) before auditors. When the account was finished, the judgment was, "that the defendant do pay the plaintiff so much as he is found in arrear." 3 Blackst. Com. 164. Courts of equity, in those states where there is a court of chancery, have for a long time exercised a general jurisdiction in all cases of mutual accounts, because the object is much more readily obtained by a bill in equity. The defendant, under equity practice, may plead that he has fully accounted; or he may plead a release, arbitrament, bond given in satisfaction, or that the money was delivered to him for a specific purpose, which has been accomplished, etc. But other matters, which admit that the defendant was once liable, cannot in general be pleaded in bar to the action. In such an action there is no general issue. In this case, only a general denial was filed to the petition, which set forth in indefinite terms, mutual dealings between the parties; and under the pleadings each item of account was a proper subject of proof. No plea of a stated or settled account was made by answer. The defendants in the court below did not take advantage of the various defenses the facts warranted. There is nothing in the pleadings to show that either party relied upon any former settlement; and when the evidence before the court established the mutual accounts between the parties, upon the pleadings existing in this case the court rightfully referred the cause for an accounting to be had. The evidence conclusively shows

that W. & F. were once liable, and might be made accountable; and no defense thereto was pleaded sufficient to prevent a reference.

Further complaint is made, that the referee, having found as a conclusion of fact, "That there had been a mutual settlement between the parties of all transactions except the excess of money paid by Williams & Finnigan to one Kepler, under the orders of Elliott, which excess so paid amounted to $96.65," thereon reported as a conclusion of law, "that it is not within the province of this court to examine into the accounts and dealings of the parties plaintiff and defendants herein, prior to any mutual settlement, which may have been made by them." This conclusion of law is erroneous in a case where the cause has been referred to a referee for an accounting, and no settlement or previous accounting is pleaded. The very object of appointing a referee is to procure an account, showing a balance in favor of one of the parties. He is, therefore, required to make out an account, showing the state of indebtedness on either side. In the case at bar, the referee rightfully received evidence as to any former settlement of the parties, in order to ascertain the correctness of the items charged, just as he could have received the admissions of either party as to the account of the other to establish items disputed. While the conclusion of law is erroneous, and the referee gives an incorrect reason for his finding of the moneys due to Elliott on the taking of the account, the plaintiffs in error are not prejudiced thereby, as in fact the referee did properly make out an account showing the indebtedness on both sides; and the record shows that W. & F. admitted the items charged against them by Elliott to be correct, and Elliott admitted the charges of W. & F. correct, except as to certain items furnished to Kepler. For the excess, Elliott obtained judgment. The account was fully taken and reported to the court. No evidence was rejected, and no item charged by W. &. F. was disallowed except the goods and money obtained by Kepler on Elliott's account, in excess of the sum authorized by Elliott to be charged to him.

*2. Duty and report of referee. Erroneous findings.*

We find no error in the order of reference, and none prejudicial to the plaintiffs in error in the referee's report.

The judgment of the court below is affirmed.

All the Justices concurring.