### No. 26,977.

THE STATE OF KANSAS, *Appellee,* v. JAMES H. ELLIOTT, *Appellant.*

#### SYLLABUS BY THE COURT.

BANKS AND BANKING—*Receiving Deposits While Insolvent—Sufficiency of Information.* An information charging the defendant with knowingly receiving deposits in a bank of which he was an officer when it was insolvent is good against a motion to quash, although it does not state which of the three conditions existed that are declared in another section of the same statute to constitute insolvency.

Appeal from Cherokee district court; FRANK W. BOSS, judge. Opinion filed December 11, 1926. Affirmed.

*Edward E. Sapp,* of Galena, and *C. B. Skidmore,* of Columbus, for the appellant.

*Charles B. Griffith,* attorney-general, *Roland Boynton,* assistant attorney-general, *R. O. Mason,* county attorney, and *C. D. Ashley,* assistant county attorney, for the appellee.

The opinion of the court was delivered by

MASON, J.: James H. Elliott appeals from a conviction upon a charge of receiving deposits in a bank of which he was president, knowing it to be insolvent. He contends that his motion to quash the information should have been sustained, because while it alleged that he received deposits at a time when he knew the bank to be insolvent, it did not state the specific conditions which made it insolvent, or constituted its insolvency.

The section of the statute defining the offense forbids an officer of a bank knowingly to receive deposits when the bank is insolvent. (R. S. 9-119.) Another section of the same act, which relates also to insolvency in other connections, reads:

"A bank shall be deemed to be insolvent—*first,* when the actual cash market

---

Banks and Banking, 7 C. J. p. 582 n. 45; 3 R. C. L. 500.

State v. Elliott.

value of its assets is insufficient to pay its liabilities; *second,* when it is unable to meet the demands of its creditors in the usual and customary manner; *third,* when it shall fail to make good its reserve as required by law." (R. S. 9-133.)

The defendant invokes a rule of pleading applicable to statutory offenses which has been thus stated:

"Where a general term used is succeeded by words more precise and definite, the indictment must charge the offense in the more particular words, and the same is true when the general term follows the particular terms." (31 C. J. 713.)

In a typical case a statute forbade the sale of "rum, brandy, whisky, taffia, or other spirituous liquors without a license." An indictment merely charging the sale without a license of "spirituous liquors" was held fatally deficient "in not defining the offense with that precision which the humane policy of our law requires," the opinion saying:

"It is a well established principle of criminal pleading, that where a generic term is used in a statute creating an offense, in connection with words more precise and definite in their meaning, the indictment must charge the offense in the particular words used· in the statute." (*The State v. Raiford,* 7 Ala. 101, 104.)

Following that case the same court in 1850 held an indictment bad which charged the defendant with playing cards "at a public place" under a statute forbidding such conduct at "any public house, or highway, or any other public place," where the evidence showed the playing to have taken place on the side of a public road. In the opinion it was said:

"I confess, however, that I am yielding to authority, without being able to see clearly the reasons, on which the decisions are based, but so the law is settled, and we must abide by it." (*Bush et al. v. The State,* 18 Ala. 415, 416.)

The Corpus Juris text quoted above is followed by these words:

". . . Although when the offense is prohibited in general terms in one portion of the statute, and in another portion, entirely distinct, the acts of which the offense consists are specified, it is not necessary that anything but the general description should be set out in an indictment." (31 C. J. 713.)

Regarding the matter as one of conformation to technical rules of pleading this seems a sufficient answer to the defendant's objection to the information, and one not without a basis in reason, there being some analogy to the rule that exceptions not incorporated in the "enacting clause," or description of the offense, need not be negatived in the state's pleading. We hold the information to be good, however,

upon the broader ground that it sufficiently advised the defendant of the nature of the charge against him to enable him to prepare his defense, and no substantial prejudice to him is shown to have resulted from the lack of a fuller statement. The information charges the offense essentially in the language of the section of the statute creating it. The definition of the term "insolvent," given in another section by a later enactment, adds somewhat to its former meaning, but the addition is not out of harmony with its general scope. There is no presumption that the conviction was in any way affected by the omission of details as to the facts rendering the bank insolvent, and nothing is brought here to show any probability that such was the case. If the defendant had asked for a bill of particulars as to the character of insolvency on which the state would rely, pointing out the specific subject on which greater definiteness was desired, the request might have been granted. Concerning the practice in relation to such a motion it has been said:

"In cases of this kind, where the information does not state specifically the acts of the defendant in keeping and maintaining a common nuisance, but states such facts only in general language, it would be very proper for the district court, exercising a sound judicial discretion, to order that the county attorney file a bill of particulars setting forth the specific acts which the county attorney claims constitute the keeping and maintaining of such common nuisance. In that way the defendant can be well informed as to what specific acts he will be called upon to defend against." (*State v. Teissedre*, 30 Kan. 476, 483, 2 Pac. 650.)

"We think this is one of that class of cases in which the court might in its discretion require the prosecution to file a bill of particulars. . . . But where the complaint is sufficient in all particulars except that it states the facts constituting the offense only in general terms or vaguely, and not in specific detail, the defendant must, if he desires a more elaborate or detailed statement of the facts, set forth in his motion the portions of the indictment or information which he claims to be insufficient or defective, and point out to the court wherein he desires a fuller, more complete, more definite or more circumstantial or particular statement of the facts." (*State v. Reno*, 41 Kan. 674, 679, 21 Pac. 803.)

The record does not affirmatively show even that the precise objection now made was specifically called to the attention of the trial judge. We regard the information as sufficient against a motion to quash and a motion in arrest of judgment, these being the methods by which it was attacked.

The judgment is affirmed.