No. 27,868.

In re RAYMOND EDWARD HOLLIS.

(259 Pac. 793.)

SYLLABUS BY THE COURT.

INFANTS—*Jurisdiction of Juvenile Court—Sufficiency of Petition—Habeas Corpus.* In an original proceeding in habeas corpus where it is claimed the judgment rendered by the juvenile court awarding custody of a minor child is void because the petition filed in that court stated conclusions instead of setting forth the facts and was therefore insufficient to give jurisdiction of the subject matter, it is held that because it contained the language of the statute and not technical, vague or indefinite terms and because of the liberal rule allowed in pleading in inferior courts the judgment was not necessarily void, and the writ is denied.

Original proceeding in habeas corpus. Opinion filed October 8, 1927. Writ denied.

*F. B. Bristow* and *W. B. Crowther,* both of Salina, for the petitioner.

*A. R. Buzick, Jr.,* of Salina, for the respondents.

The opinion of the court was delivered by

HUTCHISON, J.:   This is an original proceeding in habeas corpus brought by Fred Hollis, of Saline county, against J. B. Archer, probation officer of that county, and M. C. Brownell, of the same county, for the liberty and the care and custody of Raymond Edward Hollis, a minor son of the petitioner, also a resident of Saline county and between four and five years of age.   The petition states that the child is being illegally held and unlawfully restrained of his liberty by said respondents by virtue of an order of the juvenile court of said county issued on May 12, 1927, wherein and whereby the said respondent probation officer was given charge and control of said minor as a dependent and neglected child and was directed to place the said minor in the home of the respondent M. C. Brownell.

The return of the respondents recites at great length the various proceedings in the juvenile court referred to in the petition.   The petitioner bases his proceeding in this court upon the want of jurisdiction of the juvenile court because of the insufficiency of the petition filed in that court by M. C. Brownell, upon which that court

Courts, 15 C. J. p. 847 n. 31.   Habeas Corpus, 29 C. J. pp. 20 n. 44, 30 n. 15, 16, 33 n. 35, 52 n. 27.   Indictments and Informations, 31 C. J. p. 713 n. 86.   Infants, 31 C. J. pp. 1106 n. 35, 1107 n. 69.

assumed jurisdiction of the subject matter, claiming that it consisted of conclusions only, instead of statements of such facts as are necessary to give jurisdiction. Although the return of the respondents outlines and narrates numerous transactions and incidents alleged to be facts, yet this court in the jurisdictional question here and now submitted will not be concerned as to their truthfulness or falsity. Counsel for petitioner and respondent both agree that the matter to be determined in this case is purely a question of law, viz., was the petition filed in the juvenile court sufficient to give that court jurisdiction of the subject matter?

Before taking up that main question let us consider two preliminary points raised by the respondents. First, it is claimed that the petitioner consented to the jurisdiction of the juvenile court and waived his right to object thereto by his appearing before that court in his own behalf and in that of the minor child without objecting to the jurisdiction or raising any question as to the sufficiency of the petition until the trial therein was nearly completed. It has been well settled that the failure to object to the jurisdiction of an inferior court over the subject matter before going to trial is not a waiver of the right to object later.

"One held as for contempt under an order made without jurisdiction need not first raise the question of the jurisdiction of the court or judge making the order before such court or judge, but may do so in an independent proceeding in habeas corpus." (*In re Jewett,* 69 Kan. 830, syl. ¶ 2, 77 Pac. 567.)

It is also contended by the respondents that habeas corpus is not a proper proceeding to test the jurisdictional question, since the case has been tried in the inferior court and an appeal has been taken to the district court—that it is in effect an appeal to this court instead of an appeal to the district court where the appeal is now pending. Want of jurisdiction is always a ground for relief by habeas corpus (29 C. J. 30), and we think that habeas corpus is a right and privilege where a jurisdictional question is involved, even if an appeal is pending in another court, and particularly where it is claimed that the judgment is void, as is claimed in this case.

"Under the facts of this case the judgment and sentence of the court are unauthorized by law and are void, and section 5167 of the General Statutes of 1901 does not forbid inquiry into the same in a habeas corpus proceeding." (*In re Spaulding,* 75 Kan. 163, syl. ¶ 3, 88 Pac. 547. See, also, *In re Norton,* 64 Kan. 842, 68 Pac. 639; *In re Dill, Petitioner,* 32 Kan. 668, 5 Pac. 39.)

There is no question but that the probate court or juvenile court

*In re* Hollis.

is clothed with jurisdiction of the subject matter of such cases if properly invoked by a legal and sufficient petition.

"That there be and hereby is created and established in each county of the state a court to be known as the 'juvenile court' whose jurisdiction shall pertain to the care of dependent, neglected and delinquent children. The probate judge of each county shall be the judge of the juvenile court in his county. . . . Said court shall have jurisdiction of all cases concerning dependent, neglected and delinquent children in their respective counties. . . ." (R. S. 38-401.)

In order to have fully in mind the purposes of the act giving such power to the juvenile court, to whom it applies and how it is administered, reference is here made to two other sections of the act above cited. ·

"This act shall apply only to children under the age of sixteen years, not now or hereafter inmates of any state institution or any industrial school for boys or industrial school for girls or some institution incorporated under the laws of this state. . . . For the purpose of this act, the words 'dependent child' and 'neglected child' shall mean any child who for any reason is destitute or homeless or abandoned, or dependent upon the public for support, or has not proper parental care or guardianship, and has idle and immoral habits, or who habitually begs or receives alms, or who is found living in any house of ill fame or with any vicious or disreputable persons; or whose home, by reason of neglect, cruelty or depravity on the part of its parents, guardian or other person in whose care it may be, is an unfit place for such a child. . . ." (R. S. 38-402.)

"The juvenile court having jurisdiction under this act shall appoint or designate one or more discreet persons of good character to serve as probation officers during the pleasure of the court. . . ." (R. S. 38-403.)

The section which concerns us most in this case is entitled, "Complaint by Petition":

"Any reputable person, being a resident of the county, having knowledge of a child in his county who appears to be either dependent, neglected or delinquent within the meaning of this act, may file with the court having jurisdiction in the matter a petition in writing setting forth the facts, verified by affidavits." (R. S. 38-404.)

Subsequent sections provide in detail for the proceedings under this act, including ample opportunities for appeal and review by the district court.

One other section of the act deserves our special consideration and that directs a liberal construction to be made of the act.

"This act shall be liberally construed, to the end that its purposes may be carried out, to wit, that the care, custody and discipline of a child shall approximate, as nearly as may be, proper parental care; and in all cases where

the same can be properly done, that a child may be placed in an approved family home, by legal adoption or otherwise. . . ." (R. S. 38-415.)

The following is a copy of the petition filed in the juvenile court of Saline county, April 16, 1927, by the respondent M. C. Brownell:

"PETITION FOR DEPENDENT AND NEGLECTED CHILD.

STATE OF KANSAS, SALINE COUNTY, ss.

IN THE JUVENILE COURT OF SAID COUNTY AND STATE.

"In the matter of Raymond Edward Hollis, a dependent-neglected child.

"I, M. C. Brownell, a reputable citizen of Saline county, state of Kansas, being first duly sworn, say: That Raymond Edward Hollis, who is under the age of sixteen years, is not now an inmate of any state institution or any industrial school for boys or industrial school for girls, nor any institution incorporated under the laws of the state of Kansas.

"That said child is dependent; has no proper parental care or guardianship and is neglected, and his father, Fred Hollis, is an unfit person to take care of said child, in violation of the statutes of the state of Kansas, in such case made and provided, and against the dignity of the state of Kansas.

"Affiant further says, that the facts stated and allegations contained in the foregoing petition are correct and true, as he is informed and verily believes.

"M. C. BROWNELL.

"Subscribed in my presence and sworn to before me, this 16th day of April, 1927.                                        WILL F. MILLER, *Probate Judge.*"

(Seal.)"

Does the petition comply with the requirements of the statute as to "setting forth the facts"? If it does not, the petition is insufficient and will not give the juvenile court jurisdiction of the subject matter, and the judgment giving the custody of the child will be void. In the first place, the same exactness of pleading is not required in inferior courts. (*Galbraith v. M'Cormick*, 23 Kan. 706.) Again, not all general, vague and indefinite terms are conclusions as distinguished from statements of facts, especially when the language of the statute is followed. Unless the language of the statute is technical or too comprehensive, as including some innocent acts, it does state *facts*, that is, the *ultimate facts*, and as a general rule this is sufficient. (31 C. J. 713.)

"An information charging the defendant with knowingly receiving deposits in a bank of which he was an officer when it was insolvent is good against a motion to quash, although it does not state which of the three conditions existed that are declared in another section of the same statute to constitute insolvency." (*State v. Elliott*, 122 Kan. 174, syl., 251 Pac. 423.)

In the opinion it is said:

"We hold the information to be good, however, upon the broader ground

*In re* Hollis.

that it sufficiently advised the defendant of the nature of the charge against him to enable him to prepare his defense, and no substantial prejudice to him is shown to have resulted from the lack of a fuller statement. The information charges the offense essentially in the language of the section of the statute creating it. The definition of the term 'insolvent,' given in another section by a later enactment, adds somewhat to its former meaning, but the addition is not out of harmony with its general scope." (p. 175. See, also, *State v. Teissedre,* 30 Kan. 476, 2 Pac. 650.)

The same proposition has been decided as to petitions in civil actions being insufficient to the effect that the judgments based thereon are not necessarily void.

"Where a court has jurisdiction of the subject matter of an action and of the parties, a petition which alleges sufficient facts to challenge the attention of the court as to its merits, and to authorize the court to deliberate and act, is sufficient to sustain a judgment rendered in the action upon evidence, as against a collateral attack on the ground that the judgment is void; and this although the petition may have been demurrable on the ground that it did not state facts sufficient to constitute a cause of action." (*Wyandotte County v. Investment Co.,* 80 Kan. 492, syl., 103 Pac. 996. See, also, *McPherson v. Martinson,* 115 Kan. 828, 224 Pac 907; *Pattison v. Kansas State Bank,* 121 Kan. 471, 247 Pac. 643.)

There is no middle ground on which to stand in this case. The writ should not be issued unless the judgment rendered by the juvenile court is absolutely void. Because of the liberal rule of pleading permitted and practiced in inferior courts, and because the language of the statute was used without any technical, vague or indefinite terms, we think the *ultimate facts* were plainly alleged instead of conclusions, and the judgment is therefore not void.

The writ is denied.