No. 30,417.

In re Petition of GEORGE STILWELL for Writ of Habeas Corpus, *Appellee*, v. GEORGE MARKHAM, Sheriff, *Appellant*.

(10 P. 2d 15.)

Opinion filed April 9, 1932.

*Roland Boynton*, attorney-general, *E. E. Lamb*, county attorney, for the appellant; *G. H. Lamb* and *W. E. Hogueland*, both of Yates Center, of counsel. *O. C. Zwicker*, of Eureka, and *S. C. Holmes*, of Yates Center, for the appellee.

The opinion of the court was delivered by

SLOAN, J.: This is an action for a writ of habeas corpus. The trial court granted the writ, and the sheriff appeals.

The facts are as follows: On the 14th day of February, 1930, the defendant was arrested by the sheriff of Woodson county on a warrant issued by George Withers, a justice of the peace of the city of Yates Center, Woodson county. The defendant was charged with three counts: First, that on the 13th day of February, 1930, in the county of Woodson and state of Kansas, he then and there unlawfully had in his possession intoxicating liquors. Second, that on the same date in the county of Woodson he unlawfully transported from place to place in Woodson county intoxicating liquors. Third, that on the same date he did then and there in the county of Woodson use an automobile as a common nuisance for the transportation of intoxicating liquors. He was brought before the justice of the peace and advised that he was entitled to a trial and the benefit of counsel, which he refused. The complaint was read to him and he entered a plea of guilty to the first and second counts, and was sentenced upon each count to pay a fine of $200 and ninety days in the county jail. A commitment was issued and he was committed to the county jail of Woodson county, where he remained until the

29th of May, 1930. He caused a transcript of the proceedings in the justice court to be filed in the district court and made an application for a parole, and the court, on the 29th day of May, 1930, granted a parole under certain conditions. He remained at large until the 30th of March, 1931, when the court revoked the parole and ordered the defendant committed to the county jail to finish his sentence. On the same day he filed a petition in the district court for a writ of habeas corpus, alleging that the justice court in which he was originally convicted was without jurisdiction to try him for the reason that the crime, if committed, was in Greenwood county, and not in Woodson county. The trial court found as a fact that the offense charged in the complaint was not committed in Woodson county, and issued the writ ordering the appellee discharged.

The question for review is whether the justice of the peace had jurisdiction of the cause, and whether the judgment can be attacked collaterally when the only question involved is the venue of the offense.

It may be stated at the outset that in a proceeding in habeas corpus this court will inquire only into the jurisdiction of the court under whose process the defendant is held. If the court had jurisdiction of the subject matter and the person of the defendant this court will not in a habeas corpus proceeding review the judgment of the trial court. Jurisdiction of the subject matter, that is, the offense, is derived from the law and it is well settled that the failure to object to the jurisdiction of an inferior court over the subject matter before going to trial is not a waiver of the right to object later. (*In re Hollis*, 124 Kan. 345, 259 Pac. 793; 8 R. C. L. 96.) The office of the justice of the peace is created by constitution with such powers and duties as shall be prescribed by law. (Const., art. 3, § 9.) The statute provides that the justice of the peace shall have concurrent original jurisdiction with the district court, coextensive with their respective counties, in all cases of misdemeanor in which the fine cannot exceed $500 and the imprisonment cannot exceed one year. (R. S. 63-101.) The legislature prescribed a procedure under which the justice of the peace may exercise the power granted by the statute. (R. S. 63-201 *et seq.*) The judgments of a justice of the peace acting within the jurisdiction conferred by law are as conclusive and rest upon the same basis as the adjudication of any other court. No mere errors and irregularities in the proceeding or in the judgment and sentences will render the judgment void and vulnerable to collateral attack on habeas corpus.

In *In re Wallace,* 75 Kan. 432, 89 Pac. 687, this court said:

"Where the jurisdiction of the court depends upon a fact which the court is required to ascertain and decide its judgment determining that the fact does exist is conclusive evidence of jurisdiction until set aside or reversed by a direct proceeding." (Syl. ¶ 1.)

The court had jurisdiction of the person of the appellee. He was arrested by the sheriff in Greenwood county and taken to Woodson county, where he was regularly charged with the commission of an offense in Woodson county. The fact that he was taken to Woodson county by force and without a warrant does not affect the jurisdiction of the court in Woodson county to try him for an offense committed in that county. (*State v. May,* 57 Kan. 428, 46 Pac. 709.) The procedure prescribed for the justice of the peace, which includes the power to accept a plea of guilty, appears to have been regularly complied with in all respects. The complaint charged him with committing the offense of having intoxicating liquors unlawfully in his possession in Woodson county. It was necessary that the complaint allege the venue of the crime as well as the statutory elements of the crime. These were all material allegations. The complaint was read to the appellee. He refused the advice of counsel and entered a plea of guilty. This was a confession of the truth of every material allegation in the complaint and evidence of the highest order, and the appellee is as conclusively bound thereby as if the evidence had been produced in court, submitted to a jury and it had found him guilty. (*Ex Parte Dawson,* 35 L. R. A., n. s., 1146.)

It is contended by the appellee that the court did not have jurisdiction of the subject matter. Can this contention be sustained? The subject matter of a criminal offense is the crime itself.

"Subject matter in its broadest sense means the cause; the object; the thing in dispute. But in a legal sense the subject matter of a suit, when reference is made to matters of jurisdiction, means the nature of the cause of action and the relief sought. The authority of the court to take jurisdiction of the subject matter is derived from an express grant by the sovereign state in the constitution and laws made in pursuance of it, and, like any other agent acting under a power, a judicial tribunal is not warranted in going beyond the limits of the law of its creation fairly construed." (7 R. C. L. 1051.)

In *In re Bonner,* 151 U. S. 242, 257, the court said:

"From a somewhat extended examination of the authorities we will venture to state some rule applicable to all of them, by which the jurisdiction as to any particular judgment of the court in such cases may be determined. It is

plain that such court has jurisdiction to render a particular judgment only when the offense charged is within the class of offenses placed by the law under its jurisdiction; and when, in taking custody of the accused, and in its modes of procedure to the determination of the question of his guilt or innocence, and in rendering judgment, the court keeps within the limitations prescribed by law, customary or statutory. When the court goes out of these limitations, its action, to the extent of such excess, is void. Proceeding within these limitations, its action may be erroneous, but not void."

It seems quite clear from these authorities that subject matter has to do with the class of crime. In other words, the statute confers express jurisdiction on a justice of the peace to try misdemeanor cases. One having intoxicating liquors in his possession is guilty of a misdemeanor. Hence the justice of the peace has jurisdiction of the subject matter. If the defendant had been charged with a felony the justice would not have had jurisdiction of the subject matter, and any attempt on his part to try the case or impose a penalty would have been absolutely void. The venue of the crime is not part of the subject matter. It is a jurisdictional fact which the court must determine, and when determined it is conclusive and binding unless appealed from.

In 1 Bailey on Habeas Corpus, § 34, it is said:

"Hence if there is a question raised as to whether the crime charged was committed within the territorial limits of the jurisdiction of the court, and that question is submitted to the jury, who find that it was so committed within such jurisdiction, their finding cannot be impeached by showing that the crime was committed without such jurisdiction."

In 3 Freeman on Judgments, § 1552, it is said:

"Thus if an indictment charges that an offense was committed within certain territorial limits, over which the court has jurisdiction, whether the offense was so committed is one of the questions to be submitted to the jury, and by them determined, and after they have decided this question by pronouncing their verdict of guilty as charged, the defendant cannot relitigate this issue on habeas corpus."

In *In re Herman*, 79 Wash. 149, the court said:

"Habeas corpus does not lie to release prisoners on the ground that the information on which they were arrested shows want of jurisdiction in the state court over the offense because the crime was committed by Indians in the Indian country; the question of jurisdiction being a matter for that court to determine, with the right of appeal therefrom." (Syl.)

In *United States v. Lair*, 195 Fed. 47, the court said:

"An erroneous determination by a federal district court that an offense was

committed within that district does not make a judgment of conviction void, so as to authorize another district court to discharge the accused upon habeas corpus; accused's remedy being a writ of error from the conviction." (Syl. ¶ 5.)

Other authorities to the same effect are 29 C. J. 39; *King v. State,* 16 Ala. App. 341; *Higginbotham v. State,* 101 So. 166. Thus from the standpoint of authority and reason it is clear that venue is no part of the subject matter of a criminal action, and that it is a question of fact which the trial court must determine and when determined, like any other fact, it is conclusive and binding on the defendant unless appealed from. This rule we think is in harmony with the decisions of this court and it necessarily follows that the conclusions reached by the trial court were erroneous.

The judgment of the trial court is reversed, and it is directed to deny the writ and dismiss the case.