Kevin M. Hill Brown County Attorney Courthouse, 601 Oregon St., Hiawatha, Kansas 66434-2283
Dear Mr. Hill:
As attorney for Brown county you request our opinion regarding whether Kansas district courts have jurisdiction to enforce provisions of a tribal fish and wildlife conservation code by virtue of an agreement between the Kansas department of wildlife and parks and the Iowa tribe of Kansas and Nebraska.
On April 13, 1993 the Kansas department of wildlife and parks (KDWP) and the Iowa tribe of Kansas and Nebraska (tribe) signed a memorandum of agreement "regarding the regulation of hunting, fishing, and trapping activities" on reservation land located within the state of Kansas. The agreement provides in part:
 "The parties agree that any person who violates any provision of the Tribal Fish and Wildlife Conservation Code will be prosecuted in [the] appropriate Kansas County District Court.
The parties agree that the State will honor Tribal licenses on all lands within the Subject Area and assist in prosecuting violators in the appropriate Kansas County District Court." (Emphasis added).
The code referred to in the agreement is a comprehensive and detailed code adopted by the tribe to:
 "(1) provide an orderly system for tribal control and regulation of hunting, fishing and trapping activities on the lands established as the Iowa Tribe of Kansas and Nebraska Reservation.
 (2) Provide a means of conservation, enhancement, protection, and management of the Iowa Tribe of Kansas and Nebraska Reservation's fish and wildlife populations through the regulation of member, non-member, and non-Indian activities.
 (3) Provide a means of enforcing rules and regulations of this code contained hereafter." Iowa Tribe of Kansas and Nebraska Fish and Wildlife Conservation Code, sec. 1.03, Purpose.
Section 6 of the tribal code provides for both civil and criminal sanctions and penalties for violation of code provisions, including up to a $1,000 civil fine, up to a $1,000 criminal fine, up to one year imprisonment, revocation or suspension of reservation hunting, fishing or trapping privileges, and civil remedial forfeiture of property. Pursuant to sec. 6.06(1)(C) of the code, civil jurisdiction is placed "with a tribal commission or court of competent jurisdiction empowered to hear such cases which shall adjudicate in accordance with this code all questions, complaints, and alleged violations involving the provisions of this code." Criminal jurisdiction is placed with "the appropriate court authority" pursuant to sec. 6.06(2) of the code.
As county attorney you ask whether these documents are sufficient to confer jurisdiction on a Kansas district court over criminal violations of the tribal code. Before turning to the analysis of your question, it may be helpful to review what is meant by criminal jurisdiction.
 "The word `jurisdiction,' is the authority to take cognizance of and decide cases, or the power to hear and determine a cause. Criminal jurisdiction is that which exists for the punishment of crimes. It is the power of a court to inquire into the facts, to apply the law and to declare the punishment in a regular course of judicial proceeding. It embraces every kind of judicial action on the subject matter, from finding the indictment to pronouncing the sentence. Since the court derives its jurisdiction from the law, its jurisdiction extends only to those matters that the law declares to be criminal in nature. . . .
 "To render a valid judgment and sentence, the trial court must have jurisdiction both of the subject matter, that is, of the offense, and of the person of the defendant; it must have authority to pronounce and enter the particular judgment and sentence rendered. . . ." 21 Am.Jur.2d Criminal Law, sec. 336 (1981).
See also State v. Minor, 197 Kan. 296, 299 (1966); State v. Chatmon,234 Kan. 197, 205 (1983).
Criminal subject matter jurisdiction was discussed by the Kansas supreme court in In re Stilwell:
 "`Subject matter in its broadest sense means the cause; the object; the thing in dispute. But in a legal sense the subject matter of a suit, when reference is made to matters of jurisdiction, means the nature of the cause of action and the relief sought. The authority of the court to take jurisdiction of the subject matter is derived from an express grant by the sovereign state in the constitution and laws made in pursuance of it, and, like any other agent acting under a power, a judicial tribunal is not warranted in going beyond the limits of the law of its creation fairly construed.' ( 7 R.C.L. 1051)" 135 Kan. 206, 208 (1932).
Article 3, sec. 6 of the Kansas constitution expressly creates district courts for the state of Kansas and provides that such courts have jurisdiction "as may be provided by law." K.S.A. 20-301 then provides for a district court of record in each county with "general original jurisdiction of all matters, both civil and criminal." Regarding criminal jurisdiction, K.S.A. 22-2601 provides:
 "The district court shall have exclusive jurisdiction to try all cases of felony and other criminal cases under the laws of the state of Kansas."
The parameters of a criminal case under the laws of the state of Kansas is set forth at K.S.A. 21-3102:
 No conduct constitutes a crime against the state of Kansas unless it is made criminal in this [Kansas criminal] code or in another statute of this state. . . ."
Clearly, conduct defined and made punishable within the fish and wildlife conservation code of the Iowa tribe of Kansas and Nebraska are not crimes against the state of Kansas. By the same rationale, neither may such conduct be considered civil wrongs against the state of Kansas. Accordingly the district courts of the state of Kansas are without jurisdiction to hear and determine causes of action brought under the tribal code.
We are informed by the Kansas department of wildlife and parks that both the Iowa tribe and the department were aware of the jurisdictional defects of the tribal code when it was adopted, as well as when the memorandum agreement was signed. We are further informed that the parties intended for the memorandum agreement to become effective for enforcement purposes only after anticipated 1994 legislative expansion of state district court jurisdiction. We applaud the cooperative effort between KDWP and the Iowa tribe in working towards a mutually beneficial solution to the complex issue of protecting and regulating the use of tribal land. We also agree that expansion of Kansas district court jurisdiction lies in the hands of the Kansas legislature.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Camille Nohe Assistant Attorney General
RTS:JLM:CN:bas