No. 42,701

State of Kansas, *Appellee,* v. Matthew Johnson, *Appellant.*

(370 P. 2d 107)

Opinion filed April 7, 1962.

*Charles S. Scott,* of Topeka, argued the cause, and *Elisha Scott, John J. Scott* and *Samuel C. Jackson,* of Topeka, were with him on the briefs for the appellant.

*Robert M. Brown,* county attorney, argued the cause, and *William Ferguson,* attorney general, and *Sherman A. Parks,* assistant county attorney, were with him on the briefs for the appellee.

The opinion of the court was delivered by

Wertz, J.: Defendant (appellant) Matthew Johnson appeals from the conviction of forgery in the second degree as defined by G. S. 1949, 21-608. Upon notice and proof of a prior conviction

of a felony he was sentenced under the habitual criminal act (G. S. 1949, 21-107a) to confinement in the Kansas State Penitentiary.

The forged instrument was a check drawn on the First National Bank of Topeka, dated July 24, 1959, in the sum of $88.54. The purported drawer of the check was stamped in red ink as "Rinner Construction Company," signed "George Rinner," and the purported payee was typewritten as "Charles U. Rodgers."

The offense of forgery as charged in the information was committed at Falley's Market, Tenth and MacVicar streets, in Topeka, Shawnee county, where the defendant uttered the check with the forged signature of "Charles U. Rodgers" endorsed on the back of the check.

Defendant filed a plea of alibi contending that he was not within the county of Shawnee at the time and place of the alleged offense. The defendant did not take the stand in his own defense but relied on the testimony of one Helen Gates of Kansas City with whom he was living at the time in question. However, she testified that the defendant was away every day, leaving at nine o'clock in the morning and not returning until around six o'clock in the evening, and as far as she knew he could have been anywhere when he was away from home.

The evidence disclosed that James Lytle, store manager for Falley's Market, testified that in the late afternoon of July 24 defendant represented himself to be Charles U. Rodgers and presented the check to Lytle for payment; that Lytle cashed the check and paid the amount thereof to defendant. Before defendant's arrest Mr. Lytle was shown five or six photographs or "mug shots" and he identified defendant's picture as being the same person who submitted the check to him for cashing. There was evidence that Charles U. Rodgers was a fictitious name.

Defendant was subsequently arrested and had in his possession a red ink stamp pad and rubber stamps, one of which had on it the wording of a name of a construction company. He was interrogated about the check in question but denied any knowledge of having anything to do with the check. At that time defendant was asked to give samples of his handwriting and was warned that if he did such samples could be used against him in court, to which the defendant answered that he had no objection to so doing and freely and voluntarily gave several samples of his handwriting.

Three handwriting experts testified from examination of the check and samples of handwriting freely given by the defendant

that the endorsement appearing on the check in question was in the handwriting of defendant Matthew Johnson.

Defendant first asserts there was a variance between the charge and the proof involved. The information charged the defendant had forged the endorsement of Charles U. Rodgers, a fictitious person. It is his contention that the name appearing on the check as payee read "Charles U. Rodgers" while the endorsement read "Charles V. Rodgers." The testimony of the handwriting experts shows that the defendant, when asked to write the letter "U," wrote it in such a way that it appeared to be and could be taken to be a "V." One of the experts testified that it was a "U" and it was apparent from the samples of defendant's handwriting that the letter "U" is similar to the letter "V." However, the point is of no importance since it is inconceivable that this trifling variance could have prejudiced or misled defendant in making his defense. The state alleged in the information, and its evidence tended quite clearly to show, that the name of the payee and endorser was that of a fictitious person. In some of our early cases more consideration was given to the matter of variance between pleading and proof than is now accorded it. The law is now settled that only a material variance, one which may have misled a defendant to his prejudice in preparing and making his defense, is of any consequence in an appellate review. (*State v. Earley,* 119 Kan. 446, 239 Pac. 981.)

Inasmuch as all of the expert witnesses testified that the endorsement on the back of the check was in defendant's handwriting it cannot be conceived how the question whether the forged letter was a "U" or a "V" is of the slightest materiality.

It is next urged that there was no evidence to show that anyone saw defendant endorse the name "Charles U. Rodgers" on the check. It is always difficult and generally impossible to prove the venue of the actual physical forgery or alteration of an instrument. As a rule the forger does not remain long in one place nor does he ply his trade in the open; thus, eyewitnesses to his unlawful acts are extremely rare. For these reasons it would seem to be essential, in order that justice may be done, that venue be established by proof of the facts and circumstances introduced in evidence and from which venue may be fairly and reasonably inferred. Consequently it would seem reasonable that where there is evidence a forged instrument was uttered in a given county such

evidence would warrant a presumption that the forgery itself was committed in that county. (20 Am. Jur., Evidence, § 1220, p. 1074; Anno. 164 A. L. R. 649.)

To sustain a charge of forgery it is not necessary to prove the manual execution of the false signature by the defendant. The unexplained fact that the defendant had possession of the forged instrument, knowing its character and intending to pass it, with other circumstances here present, was sufficient to justify an inference that he forged it. Moreover, the unexplained fact of guilty possession or of uttering a forged instrument in the county of the prosecution, with little or no further evidence, is enough to support a finding of the forgery having been committed there; and the evidence in this case is held sufficient for the purpose. (*State v. Earley,* 119 Kan. 446, 239 Pac. 981; *State v. Phares,* 120 Kan. 172, 243 Pac. 266; *State v. Brown,* 145 Kan. 247, 250, 251, 65 P. 2d 333; *State v. Maxwell,* 151 Kan. 951, 963, 102 P. 2d 109.)

In the instant case there was direct and strong circumstantial evidence defendant forged the endorsement. Further, there was no reasonable explanation that satisfied the jury as to how the defendant acquired possession of the check.

Defendant further asserts that the court erred in refusing to give his special requested instruction. From an examination of the record there are only two instructions set forth. One of these instructions clearly embodies all the necessary elements of defendant's request, yet he made no objection to the instruction as given nor did he request a more detailed instruction; therefore, he cannot now be heard to complain.

Defendant also asserts that the court erred in giving certain instructions. All of the instructions are not here. We are advised that there were some twenty or twenty-five instructions given by the trial court. There was nothing in the record to show that the defendant objected to any of the instructions given.

We have repeatedly held that unless an instruction to which an objection is made is a clear and prejudicial statement of the law it can be reviewed only when other instructions which may or may not modify its intent and effect are made a part of the record, in order that all may be examined together. (*State v. Leigh,* 166 Kan. 104, 109, 199 P. 2d 504; *Beye v. Andres,* 179 Kan. 502, 504, 296 P. 2d 1049.) The two instructions set out as given were not a misstatement of the law under the evidence presented.

Other points argued by the defendant have been covered in the discussion of the foregoing points and we find nothing in the record to warrant a change in the views heretofore expressed.

The judgment of the trial court is affirmed.