No. 44,994

STATE OF KANSAS, *Appellee*, v. JOSEPH E. LITTLE, *Appellant*.

(439 P. 2d 383)

Opinion filed April 6, 1968.

*Jack W. Shultz*, of Dodge City, argued the cause, and *Donald E. Shultz*, of Dodge City, was with him on the brief for the appellant.

*Gerald C. Golden*, County Attorney, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: The defendant-appellant, Joseph E. Little, was convicted by a jury on three separate counts of second degree forgery. He was charged in two counts with issuing forged checks contrary to K. S. A. 21-609 and in a third count with possession of forged checks contrary to K. S. A. 21-610. Defendant was sentenced as an habitual criminal under K. S. A. 21-107a by reason of three prior felony convictions.

The state's evidence established that defendant and his brother John were in Meade, Kansas, on May 13, 1966. Defendant was driving his white Chevrolet automobile bearing a Grant county license. Defendant purchased clothing in a department store in Meade and gave a check in payment. He purchased groceries in a grocery store in Meade and gave a second check in payment. Both checks had been made out in advance. They appeared to be drawn by a Charles Breeding on the Plains State Bank in the sum of $95.00 and were payable to a John Miller. Each check bore a notation, "63½ hours labor." The grocer saw the defendant endorse "John Miller" on the back of one of the checks.

On this same day it was discovered the checks were forged. A warrant was issued for the arrest of the defendant and a "pickup order" was broadcast by police radio. Later that day the defendant and his brother John were stopped on a highway in Haskell county, adjacent to Meade county. The defendant was driving the white Chevrolet automobile. He was arrested and a book of five checks was found in the glove compartment of the car. The checks had previously been filled in. They appeared to be drawn by Charles Breeding on the Plains State Bank. Each was made out in the sum of $95.00, were payable to John Miller and bore a notation, "63½ hours labor."

The defendant was returned to Meade county and prior to incarceration the defendant and his brother were directed to empty their pockets. Five additional checks were disgorged by the two men. These checks were also filled in. They appeared to be drawn by Charles Breeding on the Plains State Bank, were made payable to John Miller in the sum of $95.00 and bore the notation, "63½ hours labor." The undersheriff testified at least one of these checks was in the possession of the defendant. The testimony of an officer of the Plains State Bank and of Charles Breeding established that none of the checks bore the true signature of Charles Breeding. The state's evidence indicated the defendant's brother John had worked for Charles Breeding the previous month but that Charles Breeding was not acquainted with either the defendant or a John Miller. Charles Breeding testified he paid John Little with two checks totaling $116.00 and neither check was drawn on the Plains State Bank.

With this factual background we turn to the specifications of error.

Defendant contends proper venue on Count III (Possession of forged checks) lay in Haskell county, instead of Meade county, since that is where the book of checks was first discovered.

In *State v. Fields*, 182 Kan. 180, 318 P. 2d 1018, at page 184 it is stated:

"Under the provisions of G. S. 1949, 62-401 the venue of an offense is jurisdictional and it must be proved to establish the jurisdiction of the court (*Hagan v. The State*, 4 Kan. 75 [2nd Ed.].) but by the great weight of authority it is not necessary to prove this fact by specific question and answer. It may be established by other competent evidence that the offense was committed in the jurisdiction of the court. However, to avoid prejudicial error the facts of venue ought always to be firmly established by the state. . . ."

The trial court instructed the jury that before defendant could be found guilty of the crime charged in Count III the state must prove, ". . . That said act or acts occurred in Meade County, Kansas."

As a general rule venue is a question of fact to be determined by the jury in the trial of the case in chief. (*In re Stilwell*, 135 Kan. 206, 10 P. 2d 15.) Venue on Count III depends on whether defendant had possession and custody of the book of forged checks, or of one or more of the other checks found on his person, at the time he passed the two checks in Meade, Kansas.

In *State v. Johnson*, 189 Kan. 571, 370 P. 2d 107, it was said:

". . . For these reasons it would seem to be essential, in order that justice may be done, that venue be established by proof of the facts and circumstances introduced in evidence and from which venue may be fairly and reasonably inferred.

"Consequently it would seem reasonable that where there is evidence a forged instrument was uttered in a given county such evidence would warrant a presumption that the forgery itself was committed in that county." (Citations omitted.) (p. 573-4.)

In *Johnson* the unexplained fact of guilty possession or of uttering a forged instrument in the county of the prosecution, with little or no further evidence, was held to be enough to support a finding the forgery had been committed in that county.

This court has generally held the unexplained possession of recently stolen property is *prima facie* evidence of guilt sufficient to convict a defendant of burglary and larceny notwithstanding such possession may have been discovered by the police in a county other than where the burglary occurred. (*State v. Oswald*, 197 Kan. 251, 417 P. 2d 261.)

The proof of facts and circumstances in the present case was

sufficient for the jury to fairly and reasonably infer these checks had been in defendant's possession or custody at the time similar checks were issued by defendant in Meade county. Venue on Count III was found to be in Meade county by the jury and such finding is supported by substantial circumstantial evidence.

Defendant attacks his conviction on Count II, which charges the issuance of a forged check to Sanders I. G. A. Grocery, on the ground that no check was introduced in evidence to support the charge and no foundation evidence was introduced to permit secondary evidence.

The sufficiency of secondary evidence introduced at the trial is questioned solely as to its admissibility. It was admitted at the trial without contemporaneous objection being made. The question of admissibility was first raised at the close of all the evidence on a motion to quash the charges and release the defendant.

It is stated in 36 Am. Jur. 2d, Forgery § 47:

"The forged instrument must be produced and put in evidence before evidence of the forgery will be admitted at the trial, or its nonproduction from necessity justified. Only if it appears that the instrument is lost, destroyed, or in the possession of the accused, may secondary evidence be given of its contents. . . ."

(See also 37 C. J. S. Forgery § 81.)

However, in Vernon's Kansas Statutes Annotated (Fowks, Harvey and Thomas) § 60-467 under advisory committee notes it is stated:

"The 'Best Evidence Rule' at common law as well as here is a preferential rather than an exclusionary rule."

Our Statute, K. S. A. 60-467, states no evidence tending to prove the content of a writing other than the writing itself is admissible, "except as otherwise provided in these rules," unless the judge finds the writing is lost etc., "or the adverse party has waived their production."

K. S. A. 60-404 provides:

"A verdict or finding shall not be set aside, nor shall the judgment or decision based thereon be reversed, by reason of the erroneous admission of evidence unless there appears of record objection to the evidence timely interposed and so stated as to make clear the specific ground of objection."

In Jones Commentaries on Evidence (Second Edition) Vol. 2, § 775, it is stated:

"The rule is well settled that when evidence is let in generally, without objection, and no attempt is made in the trial court to limit or confine its effect, it is in for all purposes, and it must be considered and allowed its full force.

Incompetent evidence, if material, is sufficient to establish a fact in issue, when received without objection, but if not material, it does not affect the issue. . . ."

(See also 23A C. J. S., Criminal Law § 1078.)

In *State v. Pollman,* 109 Kan. 791, 201 Pac. 1101, a conviction of forgery was upheld on secondary evidence which established the contents of forged instruments.

In the present case no contemporaneous objection was made to the introduction of this secondary evidence. Production of the check was waived by the defendant as contemplated in K. S. A. 60-467 and this court upholds the verdict under the directions set forth in K. S. A. 60-404.

The defendant states that if the trial court lacked venue-jurisdiction of the offense charged in Count III then the evidence offered to prove said charge (the book of five checks) was improperly received in evidence.

We have previously determined that venue under Count III was properly laid in Meade county. The book of checks was properly received in evidence.

Generally the physical objects connected with a proscribed criminal act, or which serve to unfold or explain it, may be exhibited in evidence whenever the criminal act is under judicial investigation. (*State v. Myers,* 154 Kan. 648, 121 P. 2d 286; *State v. Jerrel,* 200 Kan. 415, 436 P. 2d 973.) Since this book of checks was found in defendant's car shortly after similar checks were issued by defendant in Meade, Kansas, they were relevant on all three counts of the information to prove plan, motive, intent and *scienter,* as well as being relevant to support the charge of possession of forged checks under Count III.

Defendant next specifies error because of the wording employed by the trial court in giving to the jury instructions Nos. 4, 12, 13 and 15.

Complaint is made because of certain inferences drawn by the defendant after a technical scrutiny of the wording of the instructions.

The record shows no objection was made to the instructions at the time they were given. More complete instructions were not requested by defendant. Technical objections to the trial court's instructions will not be considered when first raised in the appellate court. (*State v. Hamilton,* 185 Kan. 101, 340 P. 2d 390, cert. den.

361 U. S. 920, 4 L. Ed. 2d 188, 80 S. Ct. 265; see also Hatcher's Kansas Digest, Criminal Law § 299.)

One final specification of error by defendant justifies comment. Defendant claims the trial court erred in appointing the same attorney to represent both him and his brother because their defenses were interrelated and the defendant was thereby denied effective assistance of counsel.

This contention is without merit. The record does not support these statements. Counsel for appellant fails to point out in what particular trial counsel failed to fully and fairly represent the defendant and we fail to discern such a failure. It is intimated that the interests of the two brothers in making their defenses to the charges were conflicting and adverse. We are unable to understand this contention since a separate trial was afforded to the defendant and there is nothing in this record which might suggest a conflict or a denial of the effective assistance of counsel. The cases cited by defendant in support of this contention are not in point.

We have carefully examined all of the specifications of error urged by the defendant and find no prejudicial error in the record.

The judgment is affirmed.