No. 45,812

State of Kansas, *Appellee,* v. LeRoy Kirtdoll, *Appellant.*

(478 P. 2d 188)

Opinion filed December 12, 1970.

*Scott E. Jarvis,* of Topeka, argued the cause and was on the brief for the appellant.

*Gene M. Olander,* County Attorney, argued the cause, and *Kent Frizzell,* Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

Hatcher, C.: This is an appeal from a conviction of felonious assault as defined by K. S. A. 21-435.

There is no serious dispute as to the facts. Wayne Brandon was on convalescent leave from the United States Army. He was on crutches as his right leg was in a cast from the ankle to the knee. He and one of his sisters were visiting at a residence in Topeka, Kansas with several other people. The defendant came to the residence and asked one of the group about some money owed by him to defendant. This request was met with "signifying and playing and joking and carrying on" which made defendant angry. Defendant then turned to Brandon and asked about money owed by him to defendant. There was a sharp dispute about the amount owed by Brandon to defendant. Defendant then left the residence. A few moments later Brandon and his sister also left. Upon leaving Brandon saw defendant back up his car in front of the residence. He opened the trunk, removed a shotgun and called Brandon some names. Defendant raised the gun to his shoulder, aimed at Brandon's legs and fired. Brandon was hit with a number of pellets, particularly in the leg area. The dis-

tance from defendant to Brandon at the time of the shooting was approximately twenty-five feet.

Brandon was not armed.

The defendant's testimony was narrated in the record in part as follows:

". . . That upon asking Brandon for the money owed him, Brandon told him that he was going to 'get a killing' and that he did not argue beyond that point because of the threat. That upon leaving the house Brandon followed him out, and turned sideways and seemed to be going for something in his pocket. That he thought Brandon was coming out to do him harm. That he thought he saw Brandon drawing a pistol or some other weapon. That when he saw Brandon coming out and towards him under the circumstances he just got his shotgun. That the argument inside the house had been pretty heated. That he did have the shotgun with birdshot in it and that he did fire at Mr. Brandon's legs. . . ."

The defendant was charged in the information with assault with intent to kill as defined by K. S. A. 21-431 but was convicted by the jury of the lesser offense of felonious assault as defined by K. S. A. 21-435.

The defendant has appealed.

The appellant states his first contention as follows:

"The instructions given by the court to the jury were deficient and erroneous inasmuch as they omitted defendant's requested instruction number one, and taken individually or as a whole did not contemplate the requisite 'mens rea,' or felonious or criminal intent, component of a felony crime, nor did the instructions identify the 'felonious' component of the lessor included offense, K. S. A. 21-435, otherwise instructed upon."

Appellant's argument appears to be that the state must prove and the trial court should have instructed that the defendant must have had a particular intent to commit a specific crime rather than an intent to commit the particular act.

We submit that the only burden on the state was to prove a particular intent to commit a specific act which was inherently criminal in nature. The state was not obligated to prove an intent to violate a particular statute but rather the intent to do the criminal act which violated the statute.

The appellant admitted that he intended to fire the 12 gauge shotgun at Brandon's legs but claimed self-defense through fear of bodily harm. If the shot was not fired in self-defense, then it was fired with the evil intent of injuring Brandon. This presented a jury question.

We find the instructions of the trial court on intent ample under the circumstances. The jury was instructed:

"The Information alleges that the acts were done unlawfully, feloniously and willfully.

" 'Unlawfully' means that the act done is contrary to law.

" 'Feloniously' means done with intent to commit a felony.

" 'Willfully' means that the act was done intentionally and not accidentally.

"Every person of full age and sound mind is presumed to intend all the natural and probable consequences which result from his voluntary acts; but this presumption is not conclusive and you may disregard it if, from the whole evidence, you conclude the fact to be otherwise."

The trial court instructed as to the offense set out in K. S. A. 21-431 and 21-435 and then further instructed:

"As applied to the facts in this case the essential difference between Section 21-431 and Section 21-435 of the Statutes of Kansas, is that Section 21-431 requires the assault to be made on purpose with malice aforethought and with intent to kill or maim while Section 21-435 defines a lower grade of offense in which the element of malice aforethought is not included. . . ."

It will be noted the instruction withdrew from the offense under K. S. A. 21-435 "malice aforethought" but left applicable the "intent to kill or maim."

The trial court also fully instructed on self-defense but the jury was not impressed with this theory of defendant.

The appellant next contends that the trial court improperly sustained an objection to the closing argument of appellant's counsel and in so doing made remarks leaving a misleading inference as to the law in the minds of the jury.

Appellant's counsel stated in his closing argument to the jury:

". . . You must find that by examining what was in his mind, what he was thinking, did he think in his mind either consciously or subconsciously, 'I am going to commit a crime; I am going to go out and commit a criminal act.' "

On objection by the state, the court directed counsel for appellant to stay within the confines of the instructions and reasonable inferences therefrom.

The argument closely parallelled the contention made by appellant in his argument as to the instruction on intent. Again we state it was not necessary that the state prove an intent to commit a particular crime. It only had to prove that he intended to commit an act which constituted a crime.

Appellant contends that the prosecuting attorney made improper and inflammatory remarks to the jury during his closing argument.

The record discloses the following:

". . . Prosecutor then in his final segment of closing argument stated 'the mere act of shooting somebody is a felony, and that is what he is charged with doing, nothing else.' To this statement defense counsel objected, with the response by the court that 'the jury will be reminded that the instructions explain exactly what the law is in regard to the offense charged.' "

The prosecuting attorney in his statement may have left out some of the elements of the offense but the jury was properly admonished by the trial court to look to the instructions for the law in regard to the offense. No prejudicial error could have resulted. (*State v. Griffin,* 161 Kan. 90, 166 P. 2d 580.)

The appellant contends that the sentence was not imposed within the statutory period required by K. S. A. 62-1723.

The verdict of the jury was returned June 20, 1969. A motion for a new trial was filed June 24, 1969. The trial court did not hear the motion or sentence the appellant until August 1, 1969. K. S. A. 62-1722 provides the time for sentencing in the absence of a motion for a new trial. K. S. A. 62-1723 provides in part:

"If at the time the plea, verdict, or finding of guilty is made defendant announces that he desires to file a motion for a new trial, the court shall fix a time, not exceeding five days, in which to file the motion for a new trial, and such motion shall be heard and determined as expeditiously as possible and in no event later than thirty days after it is filed. . . ."

The appellant calls our attention to the fact that the time requirement was not met.

Our previous decisions appear to definitely dispose of this contention. In *Bruffett v. State,* 205 Kan. 863, 472 P. 2d 206, we held:

"The provisions of K. S. A. 62-1722, providing time for sentencing, apply only in the absence of a motion for a new trial and the provisions are directory and not mandatory." (Syl. § 3.)

In *State v. Nelson,* 200 Kan. 411, 436 P. 2d 885, cert. den. 392 U. S. 915, 20 L. Ed. 2d 1375, 88 S. Ct 2078, we held:

"The provision of K. S. A. 62-1723 relative to sentence being imposed within five days if a motion for new trial is overruled is merely *directory,* not mandatory nor jurisdictional, and a valid sentence may be imposed within a reasonable time thereafter." (Syl. ¶ 1.)

Appellant contends that the trial court improperly admitted evidence of prior convictions of a nature entirely unrelated to the offense for which he was being tried which tended to be inflammatory to the minds of the jury

There is no merit to the contention.

The prior convictions were mentioned by counsel for appellant in his opening statement. The prior convictions were also referred to in appellant's evidence. The narrative statement of appellant's evidence reads in part:

"The defense then called Father Frank Cohoon, Rector of St. David's Episcopal Church, in Topeka, Kansas, and following then called Mr. Allen Correll, executive director of the Human Relations Commission of Topeka, Kansas. These witnesses testified that they had observed Mr. Kirtdoll in a number of varied settings within the community, *that they were aware that he had previous difficulty with the law but that in spite of this they were of the opinion that his reputation in the community was good* and that by reputation he would not be anticipated nor expected to settle an argument for no reason by the use of arms or violence, and that he had a reputation for assisting to maintain calm and peace in the area of race relations, that by reputation he sometimes advocated a calm approach to race relations when others were advocating disruption and violence, and that he had made his reputation by active participation in various organizations and community affairs. They testified that his reputation was not one of a violent man, and that his reputation was not that of a man who loses control of his temper nor control of himself. . . ." (Emphasis supplied.)

The state cross-examined these witnesses concerning their knowledge of each prior conviction of which they had testified they were aware.

The state did not mention prior convictions in the jury's presence until the cross-examination of appellant's witnesses.

The appellant having offered evidence tending to establish the credibility and character of the defendant who was also a witness, the state's cross-examination following the introduction of the evidence clearly falls within the exceptions provided in K. S. A. 60-421 and K. S. A. 60-447. It might further be suggested that the appellant having introduced evidence of the previous convictions through his character witnesses, the state had the right to inquire into them on cross-examination. Also, K. S. A. 60-447 does not restrict cross-examination of a character witness called by a defendant when the inquiry is limited to the purpose of testing his credibility or bias. (*State v. Kidwell,* 199 Kan. 752, 434 P. 2d 316.)

A careful examination of the record discloses no trial errors that would justify the granting of a new trial.

The judgment is affirmed.

APPROVED BY THE COURT.