No. 45,841

STATE OF KANSAS, *Appellee*, v. WAYNE "BO" MARTIN, *Appellant*.

(480 P. 2d 50)

Opinion filed January 23, 1971.

*Robert D. Beall*, of Leavenworth, argued the cause, and was on the brief for the appellant.

*Thomas M. Dawson*, assistant county attorney, argued the cause, and *Kent Frizzell*, attorney general, was with him on the brief for the appellee.

The opinion of the court was delivered by

O'CONNOR, J.: This is a direct appeal in which the defendant, Wayne "Bo" Martin, although charged with first degree murder, was found guilty by a jury of murder in the second degree (K. S. A. 21-402). A motion for new trial was overruled, and defendant was sentenced to the penitentiary for a term of not less than twenty years nor more than forty years.

The offense of which defendant was convicted occurred May 2, 1967, at the Kansas State Penitentiary where both defendant and the victim, Ronald C. Woods, were inmates. The prosecution's evidence disclosed that ill feeling had apparently developed between the two as a result of their relationship with a mutual friend, William D. Gibson. Originally, Gibson had been a cell mate of the deceased until being placed in the segregation and isolation building, at his own request, for protective custody. Upon his release, Gibson moved in with the defendant for two or three weeks, but at the time

of the homicide was sharing a cell with one George Szopenski. The fatal assault took place just outside Gibson's cell. According to Gibson and another inmate, Harold Walker, the defendant, with Szopenski's help, stabbed Woods numerous times with a French knife that had been "reworked." It was stipulated at trial that Woods died the following day (May 3, 1967) from "feloniously inflicted stab wounds."

The questions presented in this appeal pertain to (1) admissibility of evidence; (2) pretrial production and inspection of articles in possession of the state; and (3) sufficiency of the evidence to support the verdict.

Defendant first complains that certain exhibits—a knife and three articles of defendant's clothing—were admitted into evidence without proper foundation. The point is completely devoid of merit. Both eyewitnesses (Gibson and Walker) positively identified the knife as the murder weapon. Further, Gibson testified that about a month before the stabbing he had sewn the knife in a pillow, at defendant's request. With respect to the articles of clothing, the record discloses defendant was taken to the guard office the day following the assault and the T-shirt, white trousers, and shoes he was wearing were removed and taken to the laboratory of the State Board of Health for examination. The chief serologist testified that tests revealed the presence of human blood on the left shoe and on the trousers. The articles of clothing were clearly relevant in view of the multiple lacerations suffered by the victim and his profuse bleeding at the scene of the stabbing. This evidence, although circumstantial in nature, directly linked the defendant with the crime.

The identity of the knife and clothing was sufficiently certain to warrant admission of these exhibits into evidence. As a general rule, physical objects connected with, or which serve to unfold or explain a criminal act are admissible. The weight and value of such evidence, however, is a matter for assessment by the jury. (*State v. Joseph Little*, 201 Kan. 101, 439 P. 2d 383; *State v. Hill*, 193 Kan. 512, 394 P. 2d 106.)

Defendant also contends there was prejudicial error in the trial court's admitting photographs of the deceased's body. The argument is advanced that in view of the stipulation at trial as to the cause of death, the only purpose of the photographs was to inflame

and prejudice the jury. We cannot agree. The photographs, although not included in the record, were used by the attending physician to describe the various wounds he found at the time surgery was performed before the victim died. The pictures, without question, tended to corroborate the medical testimony in regard to the severity of the wounds and the violent nature of the crime. For these purposes they were clearly relevant and material. (*State v. Johnson*, 201 Kan. 126, 439 P. 2d 86; *State v. Booker*, 200 Kan. 166, 434 P. 2d 801, [cert. den. 391 U. S. 965, 20 L. Ed. 2d 879, 88 S. Ct. 2031]; *State v. Zimmer*, 198 Kan. 479, 426 P. 2d 267 [cert. den. 389 U. S. 933, 19 L. Ed. 2d 286, 88 S. Ct. 298].)

A further complaint by defendant is that he was denied pretrial production and inspection of physical evidence (the knife and articles of clothing) in possession of the state. Ordinarily, an application by the accused to inspect articles in the state's possession which are relevant to the charge is addressed to the discretion of the court, whose ruling will be set aside only upon a showing of an abuse of discretion. (23 C. J. S. Criminal Law § 955 (2); Anno. 7 ALR 3d 8, 163.) Other than the bald assertion of prejudice, defendant has failed to demonstrate in what manner his substantial rights were affected by the denial of his motion. Defendant's further assertion that he and his counsel were denied the opportunity to interview the witness Gibson prior to trial is not supported by the record and likewise is untenable.

A question is raised about the suppression of evidence by the state because some photographs of the scene of the crime were not produced at trial. We were told at oral argument that the alleged photographs apparently were lost, and thus neither side was able to make use of them. Again, no prejudice is indicated inasmuch as two photographs of the same general area were introduced and admitted as "joint" exhibits.

As a final point, defendant claims there was insufficient evidence to support the verdict because the prosecution's case was bottomed entirely on the testimony of Gibson and Walker, who, according to defendant, were unworthy of belief. The argument completely overlooks the cardinal rule that the finder of fact, rather than the appellate court, weighs the testimony and passes upon the credibility of witnesses. There was overwhelming evidence which, if believed by the jury, established defendant's guilt beyond any

reasonable doubt. (See, *State v. Sagebiel,* 206 Kan. 482, 480 P. 2d 44.)

We find nothing in the record approaching reversible error. The judgment of the lower court is affirmed.