No. 46,073

STATE OF KANSAS, *Appellee*, v. WILLIAM RUSSELL STEWART, *Appellant.*

(491 P. 2d 944)

Opinion filed December 11, 1971.

*Tom Boone,* of Leavenworth, argued the cause and was on the brief for Appellant.

*Patrick J. Reardon,* county attorney, argued the cause, and *Vern Miller,* attorney general, and *R. B. Miller, III,* special prosecutor, were with him on the brief for Appellee.

The opinion of the court was delivered by

FATZER, C. J.: The appellant, William Russell Stewart, was convicted of escaping without breaking from the Kansas State Penitentiary in violation of K. S. A. 21-734 (now K. S. A. 1970 Supp., 21-3810). During his trial, the appellant was served with notice of the state's intention to invoke the Habitual Criminal Act (K. S. A. 21-107a [now K. S. A. 1970 Supp., 21-4504]). The appellant was sentenced pursuant to that Act to serve a term of not more than six years. The sentence was to run consecutively with any sentence previously imposed.

The appellant first asserts the district court erred in refusing to discharge the jury panel. His challenge to the array is premised upon the argument the panel was drawn from a list of taxpayers; hence, the poor were deliberately excluded from the class of persons eligible to serve as a jury of his peers.

The record is void of any proof that would substantiate the

appellant's claim. As we said recently in *State v. Stanphill,* 206 Kan. 612, 481 P. 2d 998:

"Systematic or purposeful exclusion of members of a class from jury service may not be assumed or asserted—it must be established by proof. (See, *State v. Clift,* supra.) Just as in the case of alleged discrimination based on race, purposeful exclusion is not satisfactorily proved by showing an identifiable segment of the community is not proportionately represented on the jury list. (*State v. Cushinberry,* 204 Kan. 65, 460 P. 2d 626.) . . ." (1. c. 620.)

Other than the appellant's bald assertion that K. S. A. 43-102 does not offer an opportunity for the poor to serve on jury panels in this state, there is absolutely no showing of systematic exclusion as an issue. Absent other proof, we cannot weigh the validity or legality of the appellant's claim. (*Scoggins v. State,* 203 Kan. 489, 454 P. 2d 550; *State v. Clift,* 202 Kan. 512, 449 P. 2d 1006, cert. den. 396 U. S. 910, 24 L. Ed. 2d 186, 90 S. Ct. 225.) From the record, we conclude there was no resulting invidious discrimination.

Lastly, the appellant contends the district court erred in overruling his motion for a new trial, premised upon the assertion that it was prejudicial error for the state to serve written notice of its intention to invoke the Habitual Criminal Act during the trial and in view of the jury. Intention to invoke the Habitual Criminal Act is required to afford the accused an opportunity to controvert any argument raised by the state that he should be subjected to a more stringent sentence. (*Brown v. State,* 196 Kan. 236, 409 P. 2d 772; *Goodwin v. State,* 195 Kan. 414, 407 P. 2d 528.)

We are of the opinion there was no prejudicial error. While it must be conceded that service during the trial was irregular, there is nothing to show the jury knew what had been served on the appellant so as to raise any inference that it would preconceive his guilt. Moreover, arguments on the motion for mistrial were made out of the presence of the jury. This is not a case where the state's conduct so branded the accused that a fair trial was not possible. The record is absent any firsthand knowledge the jury may have had concerning the service. Arguably, it could have believed the deputy sheriff to be a guard serving a "phone message" or some other document. The appellant has failed to meet the burden of showing prejudicial error. (*State v. Guffey,* 205 Kan. 9, 468 P. 2d 254; *State v. Davis,* 199 Kan. 33, 427 P. 2d 606.)

The judgment is affirmed.

O'CONNOR and PRAGER, JJ., not participating.