No. 46,561

James Leroi Kirtdoll, *Appellant*, v. The State of Kansas, *Appellee*.

(496 P. 2d 1896)

Opinion filed May 6, 1972.

*Scott E. Jarvis*, of Topeka, argued the cause and was on the brief for the appellant.

*Gene M. Olander*, County Attorney, argued the cause, and *Vern Miller*, Attorney General, was with him on the brief for the appellee.

The opinion of the court was delivered by

Owsley, J.: This is an appeal from an order dismissing a motion of the appellant, James LeRoi Kirtdoll, filed pursuant to K. S. A. 60-1507.

Appellant was originally charged with the offense of assault with intent to kill under K. S. A. 21-431 (now K. S. A. 1971 Supp. 21-3410, 21-3414), and after trial to a jury he was found guilty of the lesser included offense of felonious assault under K. S. A. 21-435 (now K. S. A. 1971 Supp. 21-3414). Appellant appealed his conviction and it was upheld in *State v. Kirtdoll*, 206 Kan. 208, 478 P. 2d 188, to which reference is made for a more detailed statement of the facts.

Appellant filed his petition *pro se*, challenging the validity of his conviction on three grounds. After an evidentiary hearing, the trial court denied the relief sought. On appeal only one specification of error is briefed and argued—the trial court erred in its finding that the appellant had been accorded a trial by a jury of his peers.

The specified error was not raised at the trial or argued as part of the direct appeal, and first appears in this appeal from dismissal of the motion pursuant to K. S. A. 60-1507.

In view of this situation it is our opinion that we cannot consider this appeal on its merits. Challenges to the array at common law must be made before the beginning of the *voir dire.* (*State v. Woods,* 191 Kan. 433, 381 P. 2d 533, cert. den. 376 U. S. 919, 11 L. Ed. 2d 615, 84 S. Ct. 676.) If a defendant in a criminal case has valid grounds for questioning the legal selection of a jury panel he should promptly present his objections to the trial court. Generally speaking, the composition of a jury panel is available to a defendant in advance of trial and he has an opportunity to investigate the manner in which it was selected and the personnel composing the same. Even if no investigation is made, he is fully aware of the composition before the qualification of the panel is commenced, particularly as to its racial components.

A defendant, knowing he has objections which have their foundation in the array, cannot play a waiting game. He cannot gamble that the prospective challenges for cause and the state's exercise of the right of peremptory challenge will result favorably to him, and then if disappointed, for the first time present objections to the array. (*State v. Logan,* 344 Mo. 351, 126 S. W. 2d 256.)

In this proceeding, in the absence of a showing to the contrary, we may presume the defendant passed this particular panel for cause. We have concluded therefore that an orderly administration of justice requires a defendant in a criminal case to challenge the array prior to *voir dire* and that failure to challenge results in a waiver of his right to challenge at a later time. Each of the following cases supports the rule that a timely challenge to the jury panel must be made: *Cooley v. State,* 174 Tenn. 168, 124 S. W. 2d 250, *Kurn v. Campbell,* 188 Okla. 636, 112 P. 2d 386; *Green v. State,* 73 Ala. 26. The rule enunciated herein does not apply to a grand jury, since no challenge to the array can be made prior to the time an indictment is returned.

We are also prevented from considering this appeal on its merits since appellant failed to raise this question in his direct appeal. It is obvious that the position of the appellant at the time he made his direct appeal is identical to his position when he filed his mo-

tion under K. S. A. 60-1507. Failure to raise this issue in his direct appeal prevents the appellant from raising the issue in this proceeding. We have said frequently and repeatedly that a proceeding under K. S. A. 60-1507 which collaterally attacks a judgment of conviction should not be used as a substitute for a second appeal. (*Hacker v. State,* 207 Kan. 195, 483 P. 2d 484.)

The judgment of the lower court is affirmed.