No. 47,339

WAYNE "Bo" MARTIN, *Appellant,* v. STATE OF KANSAS, *Appellee.*

(524 P. 2d 220)

Opinion filed July 17, 1974.

*Patrick J. Hurley,* of Leavenworth, was on the brief for the appellant.

*Vern Miller,* attorney general, and *Patrick J. Reardon,* county attorney, were on the brief for the appellee.

*Per Curiam:* In this appeal from an adverse judgment in an action for postconviction relief under K. S. A. 60-1507 the movant, Wayne "Bo" Martin, challenges his conviction of second degree murder.

The conviction was reviewed on appeal and was affirmed in *State v. Martin,* 206 Kan. 388, 480 P. 2d 50. Seven points are raised in the present appeal, two of which were disposed of in the opinion in that case. The other five may be said to pertain to trial errors which could have been raised in the direct appeal. Ordinarily, the movant would be precluded from raising any of the points he now seeks to present. Our rule is that K. S. A. 60-1507 may not be used for postconviction relief from errors which could have been raised on direct appeal or to gain a second appeal of previously considered points. (Supreme Court Rule 121 [c] [3], 211 Kan. XLIV. See, also, *Lee v. State,* 204 Kan. 361, 461 P. 2d 743; *Kirtdoll v. State,* 209 Kan. 508, 496 P. 2d 1396.)

However, in view of the claim of constitutional significance, we briefly note three of Mr. Martin's points. First, that he was denied due process and equal protection by being required to wear prison clothing throughout the trial. The clothing worn was khaki shirt and trousers of the sort prisoners wore outside the prison, while other inmates testifying at the trial wore sport shirts and blue jeans. We think this contention trivial. There is nothing of record to indicate that Martin could be identified as a prisoner by his dress or that the jury was influenced by such a factor. This contention is not, in our opinion, of constitutional significance.

Second, movant claims he was unconstitutionally denied a transcript of the preliminary examination at state expense. At that time the movant was represented by retained counsel and no formal request was made that a court reporter be present or that a

transcript be supplied, nor at that time, 1967, was there a statute requiring the state to furnish a transcript of the preliminary hearing. See *State v. Burgess*, 205 Kan. 224, 468 P. 2d 229. The movant has made no showing of trial prejudice or violation of constitutional rights on this score.

The third point, which is more properly a claim of trial error despite the constitutional label, is that delay in arraignment from September 15, 1967, when the information was filed, to December 11, the day of trial, deprived movant of due process of law. Movant cites no cases to support this contention nor does he claim denial of a speedy trial. We find no violation of a constitutional right here. Movant also complains he was arraigned when several prospective jurors were in the court room. On this point it is clear that movant was not prejudiced in view of his plea of not guilty. Such a plea is the very basis for a trial. No possibility of prejudice on this account appears in the record.

The judgment of the court below is affirmed.