No. 47,759

STATE OF KANSAS, *Appellee*, v. JOE BROOKS, *Appellant*.

(536 P. 2d 1365)

Opinion filed June 14, 1975.

*David R. Gilman,* of Overland Park, argued the cause and was on the brief for the appellant.

*Andrew Heyl,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, and *Margaret Jordan,* district attorney, were with him on the brief for the appellee.

The opinion of the court was delivered by

OWSLEY, J.: Defendant, Joe Brooks, appeals from a conviction of the possession of heroin with intent to sell, and sale of same, in violation of K. S. A. 1974 Supp. 65-4127a. The issue on appeal concerns the admissibility of certain testimony by the state's expert witness.

As part of its case-in-chief, the state called Ronald Jones, a forensic chemist for the Kansas Bureau of Investigation, who analyzed the drugs in question for the state. After testifying in detail as to his background and qualifications as a forensic chemist, Jones stated his opinion of the chemical composition of the substance sold by defendant to an agent of the Kansas attorney gen-

eral's office and identified at trial as state's exhibit 1-A. It was his conclusion, based on his testing, that the substance analyzed contained "lactose, and a brown material which contains heroin."

Defendant first claims there was insufficient foundation established for the introduction into evidence of Jones' opinion as to the nature of the substance tested. Defendant does not question his general expertise in the field of forensic chemistry, but argues it was incumbent upon the state to first introduce the written results of the tests performed before the witness could state his opinion as to what the substance contained.

In support of his argument defendant relies upon the case of *Lefebvre v. Western Coal and Mining Co.*, 131 Kan. 1, 289 Pac. 456, wherein this court held it was error to permit a medical expert to testify as to what was shown by an electrocardiogram without first producing the written product of the test in court and submitting it to the opposing party for the purpose of cross-examination in case there was an erroneous interpretation of the test results.

As the state correctly points out, the *Lefebvre* case arose prior to the adoption in Kansas of the Rules of Evidence under Article 4 of the Code of Civil Procedure. The Kansas Code now provides certain guidelines for the admissibility of expert testimony. K. S. A. 60-456 states in part:

"(b) If the witness is testifying as an expert, testimony of the witness in the form of opinions or inferences is limited to such opinions as the judge finds are (1) based on facts or data perceived by or personally known or made known to the witness at the hearing and (2) within the scope of the special knowledge, skill, experience or training possessed by the witness."

This section must be read in conjunction with K. S. A. 60-458:

"Questions calling for the opinion of an expert witness need not be hypothetical in form unless the judge in his discretion so requires, but the witness may state his opinion and reasons therefor without first specifying data on which it is based as an hypothesis or otherwise; but upon cross-examination he may be required to specify such data."

These sections clearly provide that a witness may express his opinion without first specifying the data on which the opinion is based. If opposing counsel desires to inquire as to such data specifically, 60-458 allows him to do so on cross-examination.

In *Casey v. Phillips Pipeline Co.*, 199 Kan. 538, 431 P. 2d 518, we held that when an expert witness testified as to value, relying in part on market data and trade journals, such data and journals did not have to be admitted in evidence before his testimony was admissible.

As a general rule, the qualifications of an expert witness and the admissibility of his testimony are matters for determination by the trial court in the exercise of its discretion. (*Howard v. Stoughton*, 199 Kan. 787, 433 P. 2d 567; *Ziegler v. Crofoot*, 213 Kan. 480, 516 P. 2d 954.) Here, the witness Jones gave his opinion as to the nature of the substance, based on numerous tests personally performed by him. He further testified in detail as to his qualifications as a chemist and as to what tests were performed. He recounted the step-by-step procedures followed in conducting the chemical spot test and the infrared spectrophotometer test.

It is our conclusion, based upon a thorough examination of the record, briefs, and authorities cited therein, that the trial court properly exercised its discretion in this matter. The foundation established by the state for the introduction of the expert testimony was clearly sufficient. Had defendant desired to inspect and compare the written test results he could have required such evidence to be introduced upon cross-examination of the expert witness. No error or abuse of discretion appears.

Defendant in his second point complains that the evidence developed by the state did not correspond with the allegations set forth in the information under which he was charged. Defendant was charged with the unlawful possession and sale of "a narcotic drug, to wit: heroin, in violation of K. S. A. 65-4105 (*c*) and Chapter 259 Section 1 of the 1973 Session Laws of the State of Kansas." (Now K. S. A. 1974 Supp. 65-4127a.) At the trial, the state offered the testimony of its expert witness, Jones, who stated that the substance identified as state's exhibit 1-A contained heroin. On cross-examination, Jones was questioned by the defense counsel as to the reason for the difference between the infrared spectrograph of the state's exhibit 1-A, and the one obtained by the defense from an outside source which purported to be a spectrograph on "heroin." In response, Jones indicated for the first time that the substance contained in state's exhibit 1-A was not in fact "free" heroin, but was a hydrochloric salt of diacetyl morphine, or what is commonly referred to as a "salt" of heroin. Defendant contends it was error for the trial court to admit state's exhibit 1-A into evidence because the testimony given on cross-examination was at variance with the charges set forth in the information, thereby misleading defendant to his prejudice and depriving him of the right to effective assistance of counsel.

We have often stated that the evidence in a criminal case must correspond with the allegations that are essential and material in charging an offense. (*State v. Miles,* 203 Kan. 707, 457 P. 2d 166.) We have held, however, that only a material variance between pleading and proof which tends to mislead an accused in the preparation and conduct of his defense is of consequence upon appellate review. Where the variance is immaterial a conviction will not be overturned upon appeal. (*State v. Johnson,* 189 Kan. 571, 370 P. 2d 107; *State v. Kearns,* 211 Kan. 158, 505 P. 2d 676, cert. den. 414 U. S. 841, 38 L. Ed. 2d 77, 94 S. Ct. 96.)

In the instant case defendant was properly charged in the language of the statute prohibiting the possession and sale of a narcotic drug, K. S. A. 1974 Supp. 65-4127a, in compliance with the requirements of K. S. A. 22-3201 (2). In addition, the information included reference to K. S. A. 65-4105 (c), which lists heroin and all heroin salts, isomers and salts of isomers as controlled substances within the purview of the Controlled Substances Act. As the state points out, the distinction between a salt of heroin and free heroin is very subtle. A salt of heroin is a derivative of heroin, and although a salt of heroin contains molecules of heroin, heroin does not necessarily contain molecules of salt. The state charged defendant in the general language of the statute and offered proof consistent with that charge.

Defendant argues he was prejudiced by the state's failure to originally specify that the narcotic drug was a salt of heroin in that he was unduly surprised and unable to effectively cross-examine the expert witness as to the various tests made on the substance. If, in fact, defendant was surprised and misled by Jones' testimony it would have been proper for defendant to request a continuance at that stage in the trial. Instead of requesting a continuance, defense counsel proceeded with a thorough cross-examination of the witness. We cannot assign error on this point.

The judgment of the trial court is affirmed.

FROMME, J., not participating.