No. 47,846

Kenneth A. Roth, *Appellant,* v. State of Kansas, *Appellee.*

(543 P. 2d 939)

Opinion filed December 13, 1975.

*John J. Ambrosio,* of Topeka, argued the cause, and *Craig M. Cornish,* legal intern, was with him on the brief for the petitioner.

*Gene M. Olander,* district attorney, argued the cause and *Curt T. Schneider,* attorney general, was with him on the brief for the respondent.

The opinion of the court was delivered by

Schroeder, J.: This is an appeal from a judgment of the district court of Shawnee County refusing to grant relief on a motion filed pursuant to K. S. A. 60-1507, wherein the petitioner, Kenneth A. Roth, seeks to vacate his sentence on convictions of murder in the first degree and robbery.

A direct appeal was taken by the petitioner from the foregoing convictions which is reported in *State v. Roth,* 207 Kan. 691, 486 P. 2d 1385. The facts are fully reported in that opinion and in *State v. Chase,* 206 Kan. 352, 480 P. 2d 62.

Pertinent to this appeal is the fact the petitioner's jury was impanelled under K. S. A. 43-102. (G. S. 1868, ch. 54, § 2; L. 1876, ch. 104, § 2; R. S. 1923, 43-102; Repealed, L. 1971, ch. 176, § 22; July 1.) That statute provided that jurors shall be selected from those on the assessment rolls of the preceding year who possess the

qualification of electors. The assessment rolls covered owners of both real and personal property.

The petitioner contends such jury selection arbitrarily excluded a definite discernible class of people, an economic class of poor, nonpropertied people, from jury duty, thereby depriving him of a fair and impartial trial. Other cases in which offenders have unsuccessfully challenged 43-102, *supra,* are *State v. Clift,* 202 Kan. 512, 449 P. 2d 1006, cert. denied, 396 U. S. 910, 24 L. Ed. 2d 186, 90 S. Ct. 225 (blacks who do not own property excluded); and *State v. Stanphill,* 206 Kan. 612, 481 P. 2d 998 (women whose property is listed on the tax assessment rolls in the husband's name excluded).

In *State v. Roth,* supra, the petitioner's allegations and statistics, which he again brings before the court, failed to establish any systematic or purposeful exclusion of an *economic* or any other particular class of citizens.

The statute here under consideration (43-102, *supra*) was challenged in a criminal action in *State v. Stewart,* 208 Kan. 197, 491 P. 2d 944, on the same ground here asserted—that "the panel was drawn from a list of taxpayers; hence, the poor were deliberately excluded from the class of persons eligible to serve as a jury of his peers." The court there found the record was void of any proof that would substantiate the claim, and other than the appellant's bold assertion that 43-102, *supra,* did not offer an opportunity for the poor to serve on jury panels in this state, there was absolutely no showing of systematic exclusion. The court held there was no resulting invidious discrimination.

In *State v. Roth,* supra, this court held an accused may not successfully challenge the jury panel on any ground which does not involve corruption, serious misconduct or palpable disregard of the law. This general conclusion has been reaffirmed in *State v. Theus,* 207 Kan. 571, 485 P. 2d 1327; *State v. Stewart,* supra; and most recently in *State v. Campbell,* 217 Kan. 756, 539 P. 2d 329. (See also, *State v. Brothers,* 212 Kan. 187, 510 P. 2d 608.) We find no reason to change either the law announced in *State v. Roth,* supra, or its factual determination that no corruption, serious misconduct or palpable disregard of the law was present.

Our decision is supported by other cases which have held the use of tax assessment rolls do not produce systematic exclusion of the poor. (*Leggroan v. Smith,* 498 F. 2d 168 [10th Cir. 1974 applying

Utah law]; *Smith v. State,* 483 P. 2d 357 [Okla. Crim. App. 1971]; and *People v. Williams,* 29 Mich. App. 420, 185 N. W. 2d 435 [1971]. See also, *Woods v. Munns,* 347 F. 2d 948, 950, n. 1, [10th Cir. 1965 applying Kansas law]; and *Wright v. Smith,* 474 F. 2d 349 [5th Cir. 1973 applying Georgia law], cert. denied, 414 U. S. 853, 38 L. Ed. 2d 102, 94 S. Ct. 149.)

The petitioner relies primarily on the recent United States Supreme Court case of *Taylor v. Louisiana,* 419 U. S. 522, 42 L. Ed. 2d 690, 95 S. Ct. 692. There the exclusion of women from jury duty in Louisiana under a system where women had to file a written declaration of their desire to be subject to jury service was declared unconstitutional. An earlier case, *Hoyt v. Florida,* 368 U. S. 57, 7 L. Ed. 2d 118, 82 S. Ct. 159, which permitted such practice, was disapproved.

The petitioner argues *Taylor v. Louisiana,* supra, should change our law because the decision in *State v. Stanphill,* supra, and hence the decision in *State v. Roth,* supra, relied in part on the disapproved *Hoyt v. Florida,* supra. This court was aware of *Taylor v. Louisiana,* supra, and its impact when *State v. Campbell,* supra, was decided. While *Taylor v. Louisiana,* supra, does indicate a jury selected from a cross-section of the community is an essential component of the Sixth Amendment right to a jury trial, it does not change our prior decisions requiring the petitioner to prove systematic exclusion of the poor. Under our prior decisions systematic or purposeful exclusion of members of a class from jury service may not be assumed—it must be established by proof. (*State v. Stanphill,* supra, at 620; and *State v. Walker,* 217 Kan. 186, 190, 535 P. 2d 924.) Here the petitioner failed to produce satisfactory proof.

*Taylor v. Louisiana,* supra, has not been applied retroactively. In *Daniel v. Louisiana,* 420 U. S. 31, 42 L. Ed. 2d 790, 95 S. Ct. 704, decided six days after *Taylor,* the United States Supreme Court held the *Taylor* decision is not to be applied retroactively. We decline to give it retroactive application in this state.

The decision of the lower court is affirmed.